BRINKMAN, a minor, et al., Appellants,

v.

CITY OF TOLEDO et al., Appellees.

[Cite as *Brinkman v. Toledo* (1992), 81 Ohio App.3d 429.]

Court of Appeals of Ohio,
Lucas County.

No. L-91-352.

Decided June 19, 1992.

*James E. Yavorcik,* for appellants.

*Ralph J. Lewis,* for appellees.

SHERCK, Judge.

This is an appeal from a summary judgment issued by the Lucas County Court of Common Pleas in favor of appellee city of Toledo in a personal injury case. Because we find that there remain genuine issues of fact concerning the recreational user immunity defense put forth by appellee, we reverse the judgment of the trial court.

On December 6, 1986, appellant Jason Brinkman,[1] then twelve years old, was playing football with his friends on a triangular piece of land bordered by Sixth Avenue, Morrisson Avenue and East Broadway Street in Toledo, Ohio. Jason slipped in the snow and fell on the jagged remains of a broken steel sign post, located approximately two and one-half feet from Morrisson Avenue. As a result of his fall, he suffered severe injuries.

Jason and his friends had been playing on the land regularly for several years. They had never been expressly told that they could not play there.

The interior of the triangle is owned by the Toledo Board of Education. The outer perimeter of the triangular parcel, measuring twenty-five feet wide on all sides, is owned and maintained by appellee city of Toledo as part of its street right of way. In 1978, appellee installed a "no parking" sign within its street right of way. Sometime in the spring of 1986 the sign was broken off by unknown means. Jason fell on the remnants of the sign post.

This action was filed against appellee in 1990. Appellee answered and asserted various affirmative defenses. In a pretrial order dated December 13, 1990, the trial court set a deadline for the filing of summary judgment motions of May 3, 1991. Nevertheless, on June 12, 1991, appellee sought and obtained leave to file its motion for summary judgment. The motion raised several defenses, including the defense of immunity found in Ohio's recreational user statute, R.C. 1533.181. Appellant opposed the motion on the ground that recreational use immunity had not been asserted by appellee in its pleadings.

On August 28, 1991, the trial court *sua sponte* filed its journal entry stating: "it is hereby ordered that the City of Toledo has ten days * * * to file an amended answer adding the recreational user immunity defense." Accordingly, appellee filed its amended answer. The court then granted summary judgment, finding that appellee was immune by virtue of the recreational user statute. Appellant then appealed to this court, offering the following assignments of error:

"Assignment of Error I

"The trial court erred in permitting the city of Toledo to file a motion for summary judgment more than two months after the deadline had passed.

"Assignment of Error II

"The trial court erred in granting the city's motion for summary judgment.

---

1. Appellants are young Jason and his parents. For the sake of clarity, they will be jointly referred to in the singular form as "appellant."

"(A) The court erred in *sua sponte* ordering the city to amend its answer adding an affirmative defense never previously pleaded.

"(B) The court erred in finding the city was immune from liability under the recreational user statute R.C. 1533.181."

## I

 Appellant first argues that the trial court erred in allowing appellee to file its motion for summary judgment after the court's own deadline passed. Summary judgment motions may be filed after the matter is set for pretrial or trial with leave of the court. Civ.R. 56. The granting of leave to file an untimely motion for summary judgment is discretionary with the trial court. *City Loan & Savings Co. v. Howard* (1984), 16 Ohio App.3d 185, 16 OBR 195, 475 N.E.2d 154. In this case, the motion was filed some five weeks after the court's deadline, but more than six weeks before the scheduled trial date.

 The term "abuse of discretion" implies that the court's attitude was unreasonable, arbitrary or unconscionable, more than just an error of law or judgment. *Calderon v. Sharkey* (1982), 70 Ohio St.2d 218, 24 O.O.3d 322, 436 N.E.2d 1008. We perceive no abuse of discretion in allowing the untimely motion to be filed, nor do we perceive that the timing of the motion caused any prejudice to accrue to appellant. Accordingly, appellant's first assignment of error is not well taken.

## II

 Appellant has phrased the first part of his second assignment of error in such a manner as to give the impression that the trial judge abandoned his place of neutrality and instructed appellee to assert an affirmative defense that was never before raised. It goes without saying that we would certainly be troubled by an order of a trial court "directing" a litigant to assert a defense. However, our review of the order in question leads us to conclude that the court did not intend to "direct" appellee to amend its answer, but instead allowed appellee a reasonable time to amend if it so desired.

Appellee originally asserted recreational user immunity as a defense in its motion for summary judgment. Appellant, after having previously urged the court not to unduly delay the proceedings, responded by arguing that the immunity defense had not been pleaded. The court then allowed (but did not order) appellee ten days to amend its answer and properly assert the defense. If the court had overruled the motion for summary judgment on the ground that recreational use had not been pleaded, any subsequent motion for leave

to amend the pleadings would have had to have been evaluated in light of Civ.R. 15, which favors liberal allowance of amendments. Therefore, we find no abuse of discretion by the court in allowing a bypass of a potential motion for leave to amend when it was obvious that appellee desired to assert the defense and had, in fact, raised it in the summary judgment proceedings. Accordingly, the first part of appellant's second assignment of error is not well taken.

## III

The second part of appellant's second assignment of error concerns the propriety of granting summary judgment based on the recreational user statute. The party seeking summary judgment must show:

"(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.

"The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47.

Appellee, as the moving party, bears the initial burden of demonstrating that there is no genuine issue of any material fact. *Harless, supra.*

R.C. 1533.181 provides:

"(A) No owner, lessee, or occupant of premises:

"(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

"(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;

"(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user."

The terms "premises" and "recreational user" are defined in R.C. 1533.18:

"(A) 'Premises' means all privately-owned lands, ways, waters, and any buildings and structures thereon, and all state-owned lands, ways, and waters

leased to a private person, firm, organization, or corporation, including any buildings and structures thereon.

"(B) 'Recreational user' means a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency thereof, to enter upon premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits."

■ Preliminarily, we note that it has been authoritatively decided that municipalities enjoy the immunity given by the statute to the same extent as a private owner of land. *Johnson v. New London* (1988), 36 Ohio St.3d 60, 521 N.E.2d 793.

For purposes of this appeal, we will assume without deciding that appellee's failure to object to the children playing on the land amounts to "permission," as that term is used in R.C. 1533.18(B).

■ Our review discloses that the recreational user statute has limited application. The courts are called upon to examine both the nature of the activity leading to the injury as well as the nature of the land itself. Both concepts are related. For instance, while a soccer field is certainly property held out for recreational use, its intended use is limited. Children engaging in general roughhousing on a soccer field are not "recreational users"; therefore, there is no immunity. *Fuehrer v. Westerville City School Dist.* (1991), 61 Ohio St.3d 201, 204, 574 N.E.2d 448, 450. Likewise, one who is swimming in a pool is almost certainly engaging in recreational activities included within the statute. However, when the swimming pool is in the back yard of a private residence, then the statute does not immunize the owner of the premises. *Loyer v. Buchholz* (1988), 38 Ohio St.3d 65, 526 N.E.2d 300. It is only when the property is held open to the public for recreational purposes that the statute applies. "The goal is to determine the character of the premises." *Miller v. Dayton* (1989), 42 Ohio St.3d 113, 115, 537 N.E.2d 1294, 1297. The question, then, is not whether recreational pursuits take place on the premises, but rather, whether the "essential character of the property is that of premises held open to the plaintiff, without fee, for recreational purposes." *Id.* In the present case, the trial court, by implication, would have had to conclude that this twenty-five-foot-wide strip of land, maintained as part of a right of way, has the essential character of being held open to the public for recreational purposes.

Municipal property is often used for recreational purposes without becoming recreational premises. It is not uncommon to find children playing ball in

city streets, or to see families strolling the sidewalks of city neighborhoods. However, the essential character of streets is not recreational. Nor are sidewalks held out as essentially recreational despite being commonly used for recreational purposes. An urban vacant lot was held to be outside the scope of a state of Georgia statute which was similar to Ohio's. *Shepard v. Wilson* (1970), 123 Ga.App. 74, 179 S.E.2d 550. A city park, on the other hand, is held out as being open to the public for recreational purposes. *Miller v. Dayton, supra.*

Accordingly, we cannot hold as a matter of law that a twenty-five-foot street adjacent right of way is, in its essential nature, held out as being open to the public for recreational purposes. It may be that appellee has indeed held the land out as open to the public for recreational purposes. However, our review of the record does not allow reasonable minds to come to only that conclusion. Appellee, as the party moving for summary judgment, bore the burden of demonstrating that there was no genuine issue of material fact. Appellee did not meet that burden, and summary judgment was therefore not appropriate. Accordingly, the second part of appellant's second assignment of error is well taken.

On consideration whereof, the court finds that substantial justice has not been done the party complaining. The judgment of the Lucas County Court of Common Pleas is reversed. This case is remanded to that court for further proceedings not inconsistent with this opinion. It is ordered that appellee pay the costs of this appeal.

*Judgment reversed*
*and cause remanded.*

GLASSER and MELVIN L. RESNICK, JJ., concur.