DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas that granted the motion for summary judgment filed by appellees Mike Jones and John Robinson Block and dismissed appellant's complaint for damages arising from the publication of a news article written by Mike Jones and published in the Toledo Blade. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant Mark Lee Pollock sets forth the following assignments of error:
 "#1). The trial court erred and interfered with the Appellant's right to appellate review by failing to maintain/transmit a complete record.
 "#2). The trial court erred by hearing/ granting the appellee's [sic] motions without allowing the Appellant any opportunity to respond.
 "#3). The trial court erred in considering the deposition of a prisoner taken without prior `leave' as required by Civil Rule 30-A.
 "#4). The trial court erred in granting the appellee's [sic] motion for `nunc pro tunc' leave to take a deposition.
 "#5). The trial court erred in considering an unsigned deposition which the deponent was never able to review.
 "#6). The trial court erred in considering a deposition which contained testimony contested by the deponent.
 "#7). The trial court erred by violating its own pre-trial order and allowing a successive summary judgment motion to be filed out of time and/or without any showing of just cause.
 "#8). The trial court erred in allowing the appellees to submit additional evidence six months after the Appellant had responded to a summary judgment motion and without any form of `leave' being requested.
 "#9). The trial court erred in considering documentary evidence which was not properly authenticated and fell outside the criteria of Civil Rule 56-C.
 "#10). The trial court erred in considering evidence which lacked the requisite personal knowledge and contained contested facts.
 "#11). The trial court erred in failing to strike irrelevant and inflammatory materials.
 "#12). The trial court's grant of summary judgment was improper because disputed questions of fact exist and the finding that the news article was `true' is not supported by the evidence.
 "#13). The trial court erred in failing to address 3 of the Appellant's Causes of Action and dismissing his entire suit by a finding which did not resolve those claims."
The facts that are relevant to the issues raised on appeal are as follows. In October 1991, appellant was in jail awaiting trial on six charges of aggravated robbery. On October 24, 1991, The Toledo Blade Company published an article headlined "Suspect floods court with paperwork," which described appellant's efforts to defend himself against the robbery charges. The article reported that appellant was inundating the trial court with pretrial motions filed at a rate of about one per day. After noting that appellant was brought to court for hearings in either waist chains or leg irons, the article stated that: appellant escaped from the Oregon city jail five times in 1975 and 1976, from Lucas County sheriff's deputies once in 1976 and from the Allen County jail in 1984; appellant once took a hostage in the Portage County jail before being subdued; appellant confessed to a rape and murder in Ottawa County but the confession later was discounted after officials concluded it was a ploy aimed at another escape attempt, and that appellant once filed a lawsuit, later dismissed, in an attempt to keep prison authorities from cutting his hair.
On April 11, 1995, then in prison serving a sentence of fifteen to twenty-five years for the aggravated robbery conviction that resulted from the 1991 trial, appellant filed a complaint based on the October 1991 Blade article. The complaint, filed against Mike Jones, who wrote the article, and John R. Block, publisher of the paper, asserted causes of action for libel, invasion of privacy and intentional infliction of emotional distress. The complaint also alleged that by publishing the article about appellant, appellees caused him to lose employment and social opportunities in the Toledo area and placed at risk his chances of receiving a fair trial, thus forcing him to change his trial strategy. Specifically, appellant asserted that the article: 1) implied that he was convicted of five escapes from the Oregon city jail when, "in reality," he was convicted of only two of those escapes; 2) stated that he escaped from the Allen County jail in 1984, although, "in reality," he was never charged with or convicted for the "alleged escape;" 3) reported that appellant took a hostage while attempting to escape from the Portage County jail in 1986 when, "in reality," he was acquitted of all charges arising from the incident and 4) reported that appellant confessed in 1986 to a rape and murder in Ottawa County when "in reality" he was never charged with any such crimes. Appellant further claimed that the article failed to mention that he was charged as an "aider and abettor" in the robberies and that the article implied he was the principal offender and the one who actually entered the stores.
On May 14, 1997, Pollock's deposition was taken and subsequently filed. On July 2, 1997, appellees filed a motion for summary judgment, which the trial court denied, in part, because appellees had failed to obtain leave of court to depose appellant in prison as required by Civ.R. 31(A). On April 13, 1998, appellees filed a "MOTION FOR LEAVE, NUNC PRO TUNC, TO TAKE DEPOSITION OF PLAINTIFF," in reference to the May 1997 deposition. Appellees stated that they had deposed appellant in prison by agreement of all parties and asked that the trial court grant leave, retroactive to May 14, 1997, to depose appellant or, in the alternative, grant leave to re-take the deposition. On April 14, 1998, the trial court granted appellees' motion for leave to file a second motion for summary judgment and granted leave, retroactive to May 14, 1997, to take Pollock's deposition. On May 1, 1998, appellees filed a second motion for summary judgment and on July 28, 1998, appellant filed a memorandum in opposition. During August and September 1998, appellant filed numerous motions to strike various portions of appellees' second motion for summary judgment as well as their entire reply memorandum. On September 16 and October 2, 1998, the trial court granted five of appellant's motions to strike. On February 2, 1999, appellees filed a "Supplemental Submission" in support of their second motion for summary judgment and, in the following three weeks, appellant filed twelve more motions, including four motions to strike and a motion for sanctions against defense counsel.
On March 4, 1999, the trial court granted appellees' motion for summary judgment, dismissed appellant's complaint and denied all of appellant's pending motions. It is from that judgment that appellant appeals.
In his first assignment of error, appellant asserts that the trial court interfered with his right to appellate review by failing to maintain and transmit a complete record. Appellant argues that someone in the trial court acted improperly and that he should not be prejudiced by that person's carelessness. A review of the record transmitted to this court does reveal that the clerk of courts was unable to locate numerous filings, but it is also clear that a concerted effort was made to obtain the documents from appellant and appellees' counsel and that some were found. The fact that some of the filings could not be located by the clerk's office and therefore were not transmitted to this court does not require reversal of the trial court's judgment, as appellant claims. Appellant does not assert that the filings were missing when the trial court made its decision to grant summary judgment, thereby possibly prejudicing him in that court, but only that the trial court has interfered with the appellate review process. This court will consider those assignments of error that relate to the trial court's judgment based on the record before us and the applicable law. Accordingly, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant asserts that the trial court erred by granting two of appellees' motions without allowing him time to respond. The first motion about which appellant complains was appellees' "MOTION FOR LEAVE, NUNC PRO TUNC, TO TAKE DEPOSITION OF PLAINTIFF." Appellees filed the motion on April 13, 1998 and the trial court granted it the following day. The second, appellees' "MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT and FOR CONTINUANCE OF TRIAL DATE," also was filed on April 13, 1998 and granted the following day.
We note preliminarily that Loc.R. 15 of the Court of Common Pleas of Lucas County provides that an opposing party may file a memorandum in opposition to a motion within fourteen days after service. The trial court did, therefore, improperly deny appellant the opportunity to oppose appellees' motions. We find, however, that the trial court's actions amounted to harmless error. The record shows that, while appellant did not have an opportunity to respond to the two motions before they were granted, he subsequently filed motions for reconsideration and was able to present his arguments in that way. Because appellant ultimately did avail himself of the opportunity to argue against the two motions for leave, we find that he was not prejudiced by the trial court's actions in granting the motions the day after they were filed. Accordingly, appellant's second assignment of error is not well-taken.
In his third and fourth assignments of error, appellant asserts that the trial court should not have considered his deposition testimony because it was taken without leave of court as required by Civ.R. 30(A), and that the trial court erred by granting appellees' motion for nunc pro tunc leave to take the deposition. Appellant argues that he was "ambushed" by the "surprise deposition."
Civ.R. 30(A) provides in part that "[t]he deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes." In considering the argument of a prisoner whose deposition was taken without leave of court, the United States Court of Appeals, Sixth Circuit, noted that Rule30(A) of the Federal Rules of Civil Procedure, which is identical in relevant part to Civ.R. 30(A), was intended to prevent unnecessary disruption of the administration of the penal institution. Kendrick v. Schnorbus, et al. (C.A.6, 1981),655 F.2d 727. The Sixth Circuit noted that Kendrick had not objected at the time the deposition was taken and that prison authorities had no objection to deposing Kendrick. Similarly, in this case, appellant did not object at the time the deposition was taken and did not raise this issue at all until five months later, when he filed a motion to strike the deposition. Nor is there evidence in the record of this case to indicate that prison authorities had any objection to appellees deposing appellant. Further, in light of the fact that appellant initiated this action of his own choice, this court believes it is highly unlikely that he would have been caught by surprise when he learned that the parties against whom he filed suit wished to depose him. Lastly, at the time the trial court considered the deposition testimony, this claimed defect had been cured and leave granted, albeit retroactively. For the foregoing reasons, this court finds that the circumstances herein did not require suppression of appellant's deposition and, accordingly, appellant's fourth assignment of error is not well-taken.
As to appellant's claim under his third assignment of error that the trial court should not have considered the deposition testimony because it was taken without leave of court, we find this argument without merit in light of the trial court's subsequent order granting leave to take the deposition as explained above. Accordingly, appellant's third assignment of error is not well-taken.
In his fifth assignment of error, appellant asserts that the trial court should not have considered his deposition because he did not receive a copy of the transcript to review. The officer before whom the deposition was taken, however, certified that she mailed the transcript to appellant and that he failed to sign it within the time allotted under Civ.R. 30(E). Under such circumstances, pursuant to Civ.R. 30(E), "* * * the deposition may then be used as fully as though signed * * *." A trial court enjoys broad discretion in the admission and exclusion of evidence.State v. Hymore (1967), 9 Ohio St.2d 122, 128. As such, our review is limited to determining whether the trial court abused its discretion. Rigby v. Lake Cty. (1991), 58 Ohio St.3d 269,271. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. After thorough consideration of the record and the law, we find that the trial court's decision that appellant's deposition was admissible evidence was not unreasonable, arbitrary or unconscionable, and therefore not an abuse of discretion. Accordingly, appellant's fifth assignment of error is not well-taken.
In his sixth assignment of error, appellant asserts that the trial court erred by considering his deposition because it contained testimony which he asserts was "altered or changed." Appellees initially submitted a transcript of the deposition as evidence on July 2, 1997 in support of their first motion for summary judgment. Appellant challenged the accuracy of the deposition transcript in an affidavit filed July 28, 1998. Civ.R. 32(D)(4) provides that:
 "[e]rrors and irregularities in the manner in which the testimony is transcribed or the deposition is prepared, signed, certified, sealed, indorsed, transmitted, filed, or otherwise dealt with by the officer under Rule 30 and Rule 31 are waived unless a motion to suppress the deposition or some part thereof is made with reasonable promptness after such defect is, or with due diligence might have been, ascertained."
Upon consideration of the foregoing, we find that appellant's challenge to the accuracy of the deposition transcript nearly one year after he first saw it was not made "with reasonable promptness." Accordingly, we find that appellant's sixth assignment of error is not well-taken.
In his seventh assignment of error, appellant asserts that the trial court "violated its own pretrial order" by allowing appellees to file a second motion for summary judgment. On December 16, 1997, the trial court set a trial date of May 4, 1998. On April 13, 1998, appellees filed a motion for leave to file a second motion for summary judgment. In a judgment entry filed on April 14, 1998, the trial court granted appellees' motion and vacated the original trial date.
A trial court is vested with broad discretion in controlling its docket and regulating the proceedings before it. Civ.R. 56(A) provides that if an action has been set for pretrial or trial a party may move for summary judgment with leave of court. This court has held that the granting of leave to file an untimely motion for summary judgment is discretionary with the trial court. Brinkman v. Toledo (1992), 81 Ohio App.3d 429, 432. Based on the foregoing, this court finds that appellant's seventh assignment of error is not well-taken.
In his eighth assignment of error, appellant asserts that the trial court erred by allowing appellees to submit their "SUPPLEMENTAL SUBMISSION IN SUPPORT OF SECOND MOTION FOR SUMMARY JUDGMENT" nine months after the motion was filed, because appellees did not request leave to file the additional evidence and because appellant did not have an opportunity to respond.
Appellant has not provided any authority to support his argument that the trial court should not have considered appellees' supplemental submission. As to appellant's argument that he did not have an opportunity to respond to the additional evidence, the record reveals that in a twenty-day period following appellees' filing, appellant filed no less than fourteen motions, for a total of more than thirty-eight pages of argument, in direct response to appellees' supplemental submission. Clearly, appellant not only had the opportunity to respond but did so freely. Accordingly, we find appellant's eighth assignment of error not well-taken.
In his ninth assignment of error, appellant asserts that the trial court erred in considering this court's opinion in Statev. Pollock (Feb. 25, 1994), Lucas App. No. L-92-209, unreported, which was an attachment to the Anne Paul affidavit in appellees' supplemental submission. Appellant argues that the decision "was not properly authenticated and fell outside the criteria of Civ.R. 56(C)." We note first that our decision in State v. Pollock,supra, was certified by the Clerk of the Court of Appeals and thus properly authenticated pursuant to Evid.R. 902(4). As to compliance with Civ.R. 56(C), the decision was submitted as an attachment to an affidavit in support of summary judgment and therefore complied with the rule. For the foregoing reasons, this court finds that the trial court did not err by considering our decision in State v. Pollock, supra. Accordingly, appellant's ninth assignment of error is not well-taken.
In his tenth assignment of error, appellant asserts that the trial court erred by considering two documents: 1) this court's decision in State v. Pollock (Feb. 25, 1994), Lucas App. No. L-92-209, unreported, submitted as an attachment to the affidavit of Anne Paul, and 2) appellant's prison records, which were attached to the affidavit of Anthony Brigano, warden of the Warren Correctional Institution, where appellant has been an inmate since 1992. Appellant argues that neither of the affiants had personal knowledge of the documents they were submitting.
As to this court's 1994 decision in State v. Pollock,supra, the personal knowledge requirement of Civ.R. 56(E) applies only to affidavits. The veracity or accuracy of this court's decision is not subject to scrutiny by appellant in this case and this argument is without merit.
As to the copies of appellant's prison records attached to the Brigano affidavit, appellant claims they should be disregarded because Brigano was not present during any of the criminal proceedings and any knowledge he has of appellant's record was provided by others. Appellant further asserts that he has never met Brigano and contests the accuracy of some of the information contained in Brigano's affidavit. Brigano attested in his affidavit that the records attached thereto are copies of appellant's master file, which is a public record maintained by the Warren Correctional Institution. Upon consideration of the foregoing, we find that the attachments to Brigano's affidavit were properly considered by the trial court and, accordingly, appellant's tenth assignment of error is not well-taken.
In his eleventh assignment of error, appellant again argues that the trial court should not have considered this court's decision in State v. Pollock, supra. Appellant asserts that he moved the trial court twice to strike State v. Pollock,supra, submitted as an attachment to the Anne Paul affidavit, because the decision refers to appellant's stipulation that he had escaped from custody nineteen times and attempted to escape on fourteen other occasions. Appellant argues that the stipulation is irrelevant to this case and inflammatory. As to the trial court's rulings on appellant's motions to strike, the trial court is vested with broad discretion in the admission and exclusion of evidence. "An appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion." Statev. Finnerty (1989), 45 Ohio St.3d 104. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. State v. Jenkins (1984), 15 Ohio St.3d 164; State v. Adams (1980), 62 Ohio St.2d 151. Upon consideration of the foregoing, this court finds that the trial court's rulings denying appellant's motions to strike this court's decision in State v. Pollock, supra, did not amount to an abuse of discretion. Accordingly, appellant's eleventh assignment of error is not well-taken.
In his twelfth assignment of error, appellant asserts that the trial court erred by granting summary judgment because there existed material issues of fact as to whether the information contained in the Blade article was true. Appellant does not set forth specific arguments in support of this assignment of error but "incorporates by reference" the arguments set forth in his memorandum filed in opposition to summary judgment. 6th Dist.Loc.App.R. 10 provides that an appellate brief "shall not exceed thirty (30) pages, * * * exclusive of the appendix, lists of authorities and appended texts of statutes and constitutional provisions, if any." Appellant's brief is twenty-nine pages long. Appellant clearly has attempted to evade the page limitation set forth in this court's rules by incorporating by reference another memorandum into his appellate brief. This court will not condone circumvention of the appellate rules in this manner. Accordingly, as appellant has not separately argued his twelfth assignment of error in his appellate brief, see App.R. 16(A)(7), we find it not well-taken.
In his thirteenth assignment of error, appellant asserts that the trial court erred by not addressing three of his causes of action when it granted summary judgment and dismissed his complaint. Appellant argues that the trial court addressed his claim that the statements in the article were untrue but failed to address his claims of invasion of privacy, intentional infliction of emotional distress and placing his right to a fair trial at risk. A trial court is not required to separately address each of the plaintiff's claims when granting summary judgment and dismissing a complaint and, accordingly, appellant's thirteenth assignment of error is not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed.
Costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Richard W. Knepper, P.J.
 James R. Sherck, J., Mark L. Pietrykowski, J.