[Cite as *SoFi Lending Corp. v. Williams*, 2024-Ohio-1166.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SOFI LENDING CORP. AS      :
ATTORNEY-IN-FACT FOR BLUE
RIDGE BANK, N.A.,      :

        Plaintiff-Appellee,      :

                              No. 113153

        v.      :

TYRONE WILLIAMS,      :

        Defendant-Appellant.      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 28, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-970998

---

### *Appearances:*

Zwicker & Associates, P.C., Brittany R. Fitzgibbon, Michelle L. Baker, and Daniel D. Copfer, *for appellee*.

Tyrone Williams, *pro se*.

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Tyrone Williams ("Williams") brings the instant appeal challenging the trial court's judgment entering a default judgment against Williams for the breach

of a loan agreement complaint, brought by SoFi Lending Corp. as attorney-in-fact for Blue Ridge Bank, N.A.[1] ("SoFi").  For the reasons that follow, this court affirms.

{¶ 2}  On November 7, 2022, SoFi filed a complaint against Williams alleging that Williams breached a loan agreement that he entered into with SoFi, seeking $80,280.43 in damages.  SoFi alleged that Williams breached the loan agreement by defaulting on payments.  A copy of the agreement was attached to the complaint and demonstrated that Williams borrowed a personal loan from SoFi on February 12, 2019, in the amount of $100,000 and had agreed to pay $1,783.99 monthly until the balance of the loan and the 12.315 percent interest were paid off.

{¶ 3} Williams did not answer the complaint, and SoFi moved for default judgment in the amount of $80,280.43 plus the costs of the action, for a total of $80,539.38.  The trial court set the default hearing for February 14, 2023.

{¶ 4} On February 6, 2023, an entity named "Tam Trust TTEE Subrogee and Surety for defendant/primary debtor" (hereinafter "Tam Trust") filed a purported answer, captioned "answer to summons response to complaint writ of mandamus tender special deposit demand for reimbursement of beneficial interest."  In that document, Tam Trust provided that it would like to "settle the account" and "conditionally agree[d] with the plaintiff/adversary and their claims[.]"

{¶ 5} Tam Trust argued that it is "the subrogee and surety standing as a living private American man and only real party in this matter."  The substance of Tam

---

[1] Williams's loan was sold to Blue Ridge Bank, N.A. in portfolio sale.  SoFi filed the instant action as the attorney-in-fact for Blue Ridge Bank, N.A.

Trust's filing indicated that it, "under legal compulsion to do so," made all of the payments for and on behalf of Williams and thus was "subrogated to the rights of the creditor in this [sic] (all) transactions." The filing cited to *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), for the proposition that there is no right to contract under common law and included a purported writ of mandamus, asking the court to "certify [Tam Trust's] right to subrogation," as well as a request to "tender special deposit," and a "demand for reimbursement of beneficial interest," demanding "full reimbursement for all funds paid, funds claimed to be not paid, interest paid and unpaid, interest earned, future earnings, all values and late fees in the amount of $150,000[]."

{¶ 6} SoFi filed a motion to strike the answer, arguing that Tam Trust is not an attorney and is not a party to this case and cannot answer on behalf of Williams. Tam Trust and/or Williams followed with four filings.

{¶ 7} In the first filing, "Tyrone Williams Trustee as the subrogee and surety standing as a living private American man" filed a separate "tender special deposit" that included an exhibit labeled a "promissory note" and "negotiable security instrument" promising to pay Blue Ridge Bank, N.A. a sum of $80,280.43. The "promissory note" provided that payment would be due on the 5th of every month. A handwritten sum is written next to the proposed amount of the monthly payments, but it is illegible. The document included space for a notarized signature, but noted that it would not be notarized unless it was accepted by Blue Ridge Bank, N.A.

{¶ 8} The second filing, made by "Tyrone Williams (LLC) Trustee Tam Trust," filed a motion titled "demand for recoupment and reimbursement of beneficial interest," alleging that (1) all payments were made by Tam Trust, (2) Tam Trust "has sustentative legal rights," (3) as subrogee, Tam Trust is the "true creditor," (4) an irrevocable trust was created for "the contract in the matter," and (5) that SoFi had already claimed the credit when the note was securitized. The motion demanded "full equitable recoupment and reimbursement for all funds borrowed in Exhibit C, all funds paid by [surety], all funds claimed to be not paid, all interest gained, all profits made, and any late fees accessed or an amount of $150,000.00 (whichever is less)." Exhibit C was a copy of the document titled "SoFi Personal Loan Truth in Lending Act Disclosure" and Exhibit B was a document entitled "Bill of Sale" demonstrating that SoFi Lending Corp. sold a portfolio of loans to Blue Ridge Bank, N.A.

{¶ 9} "Tyrone Williams (LLC) Trustee Tam Trust" also filed an answer to the complaint, alleging nearly identical sentiments to those in Tam Trust's answer. The final filing responded to SoFi's motion to strike, and provided:

> Though I stand as a private living American civilian in my capacity as Trustee of TAM Trust the subrogee for the defendant, I am in fact the only living party in the matter. I have not presented myself as an attorney nor do I practice or take part in any form of necromancy.
>
> * * *
>
> As a living private American civilian and trustee of this private trust (TAM TRUST) these documents must be accepted and tried by this court as an Article 3 Court under the doctrine of Equity/Chancery from the original Constitution; for this response and all submission

henceforth.  For it is my goal as surety and only real living private party in this matter to settle this debt with tender [of] special deposit.  Please let it be known that I AM the heir, beneficiary, and subrogee of this account.  I AM a living soul and implied surety for this matter and I AM standing in for and on behalf of the fictitious TYRONE WILLIAMS the defendant/primary debtor as *Tyrone Williams Trustee*, subrogee.

{¶ 10} Three days later, "Tyrone Williams (LLC) Trustee Tam Trust" filed a "notice of abatement," asking the court to "abate" the case and alleged the following facts in support thereof:

1. The defendant and plaintiff in this matter are fictitious non-living, soul-less personalities.

2. I am a living private American civilian, Trustee of a private trust, and implied surety.

3. The 1983 case of [*Erie R.R. v. Thompkins*] concluded that "there is no right to contract under common law[.]"

4. This and all contracts require full disclosure.  The plaintiff did not fully disclose its intentions with this security.

5. Both partie[s] in a contract must provide something of equal worth/value or consideration.  The plaintiff provide [sic] consideration of anything of intrinsic value.

6. A contract must be signed by both parties with a wet signature.  The plaintiff which is a soul-less entity did not sign nor can it have a 3rd party sign on its behalf.

7. I am the true creditor in this matter, and I am owed chattels from the creation, sale, and profits of the securities [that] could not be created without me, the creditor.

8. The 1913 Federal reserve Act along with the Gold Reserve act of 1934 eliminated gold backed currency leaving the fiat dollar with no intrinsic value and no legal money.  I, as the subrogee do not deal in illegal fiat currency therefore I tendered special deposit to settle this debt.

9. There is no dispute, I tendered a special deposit with the creation of a new promissory note/security that zero [sic] out the balance and can be financially trader for additional value for the plaintiff.

10. An irrevocable trust was formed in this matter, making the debtor and the beneficiary one. If the debtor and the beneficiary become one over the same matter the debt/duty to perform no longer exist.

{¶ 11} About three months later, the trial court granted SoFi's motion to strike, finding that "Tam Trust" and/or "Tam Trust Ttee" are not named defendants and allowed Williams another 14 days to file an answer and cautioned that failure to do so would result in a default judgment against Williams. The trial court allowed SoFi additional time to respond to the numerous motions, continued the trial date, and set a status conference via telephone for September 7, 2023.

{¶ 12} On August 1, 2023, Williams filed eight separate motions, this time signed "Tyrone Williams Twilliams ex Relatione, authorized user, subrogee and surety for and on behalf of Defendant/Primary Debtor." These motions, which included an answer to SoFi's motion to strike (that had already been ruled upon), an answer to the complaint, a "tender special deposit," a "demand for reimbursement of beneficial interest," a writ of mandamus, a "writ of discovery," and a "notice of abatement." Accompanying the new answer to SoFi's motion to strike, Williams provided:

> As a living private American civilian and trustee of this private trust (TAM TRUST) these documents must be accepted and tried by this court as an Article 3 Court under the doctrine of Equity from the original Constitution; for this response and all submission henceforth. For it is my goal as surety and only real living private party in this matter to settle this debt with tender of special deposit. Please let it be known that I AM the heir, beneficiary, and subrogee of this account. I

AM Surety, a living soul and implied surety for this matter. I AM Surety for and on behalf of the fictitious TYRONE WILLIAMS the defendant/primary debtor. I state for the record to this most honorable court that I wish to subrogate the chattels and have this account settled and discharge[d].

{¶ 13} Nearly all of the other motions echoed the arguments made in prior filings, and all indicated that the filing party was "sui jurist" rather than "pro se."

{¶ 14} On August 30, 2023, the trial court found Williams in default, reasoning that "Tyrone Williams, Twilliams ex Relatione, authorized user, subrogee, and surety for and on behalf of defendant/primary debtor" filed the responses, not Williams. The court struck the filings and ordered that pursuant to Civ.R. 55, SoFi was entitled to default judgment against Williams in the amount of $80,539.38 plus costs. Hereinafter, we will refer to all "parties" that made filings as or on behalf of Williams as "Williams" for convenience.

{¶ 15} Williams appealed, and the parties were directed to this court's mediation department. The mediator met with the parties on two separate occasions, and the parties were unable to reach a settlement. The instant appeal commenced, and Williams assigns a single error for our review, which provides, verbatim:

Lower court errored in stating Appellant's filings/writs/answers were filed Pro Se, when Appellant clearly filed Sui Jurist [sic]. Making a special appearance in Proper Person.

{¶ 16} We recognize that while Williams appears to contest the distinction between "pro se" and "sui juris," his reason for doing so is an overarching argument

that the trial court erred in finding Williams in default because "Williams" had appeared "sui juris" rather than "pro se."

{¶ 17} We also find that this "pro se" and "sui juris" argument, and all caselaw pertaining thereto, was not raised at the trial-court level, so we may not consider those arguments because they have been waived. It is well settled that a party cannot raise new arguments and legal issues for the first time on appeal and that failure to raise an issue before the trial court waives that issue for appellate purposes. *Miller v. Cardinal Care Mgt.*, 8th Dist. Cuyahoga No. 107730, 2019-Ohio-2826, ¶ 23, citing *Cleveland Town Ctr., L.L.C. v. Fin. Exchange Co. of Ohio, Inc.*, 2017-Ohio-384, 83 N.E.3d 383 (8th Dist.).

{¶ 18} A trial court's ruling on a motion for default judgment is reviewed for an abuse of discretion. *See, e.g., Caldwell v. Active Time L.L.C.*, 8th Dist. Cuyahoga No. 108561, 2019-Ohio-4069, ¶ 7; *Melling v. Scott*, 8th Dist. Cuyahoga No. 103007, 2016-Ohio-112, ¶ 28. A court abuses its discretion when it exercises its judgment in an unwarranted way with respect to a matter over which it has discretionary authority. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

{¶ 19} Williams, by attempting to hide behind various "entities" and labels such as "trustee," "surety," and "subrogee," has done all but answer as Williams, which would have been all that was necessary to avoid a default judgment in this matter. However, Williams and the various labels under which he had filed, purports to be a "living private American civilian" and has referred to "Tyrone

Williams" as fictitious. Williams insists that he is not subject to the "right to contract" because there is no "common law right to contract." These arguments are consistent with "sovereign citizen" arguments.

{¶ 20} While Williams does not explicitly describe himself as a "sovereign citizen," he describes himself as a "Moorish American National," which has been grouped with "meritless rhetoric frequently espoused by tax protestors, sovereign citizens, and self-proclaimed Moorish-Americans." *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir.2017) (collecting cases).

{¶ 21} Sovereign citizen and other adjacent arguments, as the one in the case at bar, have been repeatedly dismissed as "frivolous" and undeserving of significant discussion by numerous Ohio and federal courts. *See, e.g., State v. Thigpen*, 8th Dist. Cuyahoga No. 99841, 2014-Ohio-207, ¶ 39 ("Thigpen's arguments are frivolous and have been held to be delay tactics."); *State v. Few*, 2d Dist. Montgomery No. 25969, 2015-Ohio-2292, ¶ 6 (finding a "sovereign citizen" argument "wholly frivolous"); *People of the Republic United States ex rel. Goldsmith v. Schreier*, D.S.D., 2012 U.S. Dist. LEXIS 131987, 10 (Sept. 17, 2012) (citations omitted) ("Other courts have noted the sovereign citizen theory has been consistently rejected and in addition to meritless and patently frivolous, the theory has been referred to as nonsensical, gibberish, and having no conceivable validity in American Law.").

{¶ 22} "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be

rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir.2011). In accordance with numerous state and federal precedents, we agree and summarily reject Williams's arguments, overruling his assignment of error.

{¶ 23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

EILEEN A. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR