**[Cite as *Am. Express Natl. Bank v. Scales*, 2025-Ohio-4574.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

American Express National Bank                  Court of Appeals No E-25-009

     Appellee                                    Trial Court No.  2023-CV-0446

v.

Bobbie Scales                                   **<u>DECISION AND JUDGMENT</u>**

     Appellant                                   Decided: September 30, 2025

* * * * *

Thomas Glennon, for appellee.

Bobbie Scales, pro se.

* * * * *

**SULEK, P.J.**

{¶ 1} Appellant Bobbie Scales appeals the judgment of the Erie County Court of Common Pleas, awarding summary judgment to appellee American Express National Bank ("American Express") on its claim that Scales owes $16,271.28 in unpaid credit card debt.  For the following reasons, the trial court's judgment is affirmed.

## I. Factual Background and Procedural History

{¶ 2} On November 21, 2023, American Express initiated the present matter when it filed a complaint against Scales alleging that she was in default of her credit card account because she failed to pay the balance of $16,271.28.  Attached to the complaint was a copy of the Cardmember Agreement and the closing statement of her account.

{¶ 3} On December 5, 2023, Scales—at all times appearing pro se—moved to dismiss the complaint for lack of personal jurisdiction and improper venue.  She also mentioned that American Express failed to compel arbitration before filing its complaint.  American Express opposed the motion to dismiss, characterizing it as frivolous because (1) Scales resides in Erie County, Ohio, and thus the Erie County Court of Common Pleas has personal jurisdiction over her, (2) the amount in controversy exceeds $15,000, putting it within the subject-matter jurisdiction of the court of common pleas, and (3) the Cardmember Agreement does not provide for mandatory arbitration.

{¶ 4} The trial court summarily denied Scales's motion to dismiss on May 15, 2024.  It further ordered that Scales "shall file an answer within thirty days."  Scales never filed an answer responding to the allegations in the complaint.

{¶ 5} On May 28, 2024, Scales filed a "Notice of Removal" of the case to the United States District Court for the Northern District of Ohio.  She also filed a "Notice of Federal Authority" claiming that the trial court has no jurisdiction to act.

{¶ 6} On August 23, 2024, the trial court entered an order stating that the scheduled phone case management conference would proceed on September 5, 2024.  The trial court noted that Scales had not attached a file-stamped copy of the petition for

2.

removal to federal court, and therefore Scales's claim of removal did not divest the trial court of jurisdiction over the matter.

{¶ 7} Scales failed to appear for the September 5, 2024 case management conference. Instead, she filed a "Judicial Notice for the Judicial Trespasser," again claiming that the trial court lacked jurisdiction. Following the conference, the trial court ordered American Express to file its motion for summary judgment "on or before October 4, 2024."

{¶ 8} On October 16, 2024, Scales filed a "Response in Opposition to Void Want of Jurisdiction Judgment Entry," again challenging the trial court's jurisdiction and claiming that Ohio laws are inapplicable to American Express. She also filed a "Notice of Abatement of Action for Lack of Jurisdiction and Impairment of Constitutional Rights," in which she claimed that the name "BOBBIE JEAN SCALES" is a legal entity that is distinct from her natural person.

{¶ 9} On October 24, 2024, she filed a "Motion to Dismiss for Clerk of Court's Refusal to Accept Plea of Tender and Demand for Lawful Money Redemption, Discharge under UCC 3-603 and Ohio UCC 1303.68, and Personal Liability." The trial court summarily denied this motion on December 10, 2024.

## A. Motion for Summary Judgment

{¶ 10} On December 20, 2024, the trial court entered a judgment in which it noted that despite being granted leave until October 4, 2024, American Express had not filed a motion for summary judgment. The trial court ordered that "if [American Express] fails to proceed in this case within thirty days from the date of this entry, this matter shall be

3.

dismissed, without prejudice, pursuant to Civ.R. 41(B) for failure to prosecute." American Express filed its motion for summary judgment on January 17, 2025.

{¶ 11} In its motion for summary judgment, American Express stated that Scales attempted to remove the matter to federal court, but the federal court determined there was no valid basis for removal and dismissed the federal action. Scales appealed that decision, which was denied by the Sixth Circuit Court of Appeals on December 30, 2024.

{¶ 12} As to the merits of its claim, American Express presented the affidavit of Robert J. Rebhan, an Assistant Custodian of Records for American Express. He averred that American Express's records reflected that Scales opened her credit card account in November 2022. American Express mailed her a credit card along with a copy of the Cardmember Agreement. It has further mailed her copies of the Cardmember Agreement as it has been revised or updated. He attested that the records show that Scales used the account to pay for various goods and services, and there is no record that she ever asserted a valid objection to the balance shown as due and owing on the monthly statements.

{¶ 13} Attached to Rebhan's affidavit were Scales's account statements from February 2023 through August 2024. The statements show that in March 2023 she made a large transaction of approximately $18,000. She made the minimum payments on the account in May, June, and July 2023. After that, she made no further payments. The August 2024 statement showed an outstanding balance of $16,271.28.

{¶ 14} On January 30, 2025, Scales filed her opposition to the motion for summary judgment, asserting a number of arguments including (1) that the motion for

4.

summary judgment was untimely, (2) that American Express failed to establish the existence of a valid, enforceable contract, (3) that Rebhan's affidavit is insufficient and inadmissible under the Ohio Rules of Evidence, (4) that American Express failed to prove standing to bring the action, and (5) that American Express failed to comply with the Fair Credit Billing Act.

{¶ 15} On February 19, 2025, the trial court granted summary judgment to American Express.  The entirety of its order stated,

> For good cause shown, and the Court being in all ways sufficiently advised, this Court grants Plaintiff's Motion for Summary Judgment finding that there is no genuine issue of material fact and the Plaintiff is entitled to Judgment as a matter of law.  Accordingly, it is adjudged that Plaintiff shall recover from Defendant, the sum of $16,271.28 plus the costs of this action.

> This is a final, appealable order.  There is no just cause for delay.

### B. Other Motions

{¶ 16} While the litigation proceeded and the motion for summary judgment was pending, Scales filed a litany of other motions.  On February 24, 2025, the trial court entered a number of judgments denying Scales's (1) January 3, 2025 "Motion for Reconsideration" of the order dismissing her "Notice of Liability"; (2) January 7, 2025 "Motion to Compel Discovery of Original Note"; (3) January 13, 2025 "Motion for Injunction and Declaratory Judgment"; (4) January 28, 2025 "Motion to Request Production of Documents and Things"; (5) January 30, 2025 "Motion to Strike" Rebhan's affidavit; (6) February 11, 2025 "Motion for Leave" to file a counterclaim; and (7) February 11, 2025 "Motion for Findings of Fact and Conclusions of Law" regarding

5.

the denial of her "Motion to Dismiss," "Motion for Reconsideration," and "Motion to Compel Discovery."

## II. Assignments of Error

{¶ 17} Scales timely appeals the February 19, 2025 award of summary judgment, asserting five assignments of error for review:

    1. The trial court erred in granting summary judgment despite genuine issues of material fact, violating Ohio Civ.R. 56(C).

    2. The trial court violated Defendant-Appellant's due process rights by failing to provide adequate reasoning for its rulings.

    3. The trial court improperly denied Defendant-Appellant's Motion to Dismiss for Failure to Prosecute, while allowing Plaintiff-Appellee to file summary judgment three months late.

    4. The trial court improperly ignored Defendant-Appellant's abatement request and request for hearings, further denying due process.

    5. The trial court's demonstrated bias and misconduct warrant Judge Tygh M. Tone's recusal from all current and future cases involving Defendant-Appellant.

## III. Analysis

{¶ 18} In her first assignment of error, Scales argues that the trial court erred when it granted summary judgment to American Express. Notably, she states only that summary judgment is appropriate when there is no genuine issue of material fact and that the evidence must be construed in favor of the non-moving party. She does not present any argument as to what facts are in dispute or whether American Express is entitled to judgment under the law.

6.

{¶ 19} An appellate court reviews the grant of summary judgment under a de novo standard of review. *Koler v. Grand Harbour Condo. Owners Assn.*, 2014-Ohio-1299, ¶ 5 (6th Dist.), citing *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). Summary judgment should be upheld when there is no issue of material fact, the moving party is entitled to judgment as a matter of law, and when viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can only come to one conclusion that is adverse to the nonmoving party. *Id.*, quoting *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978); Civ.R. 56(C).

{¶ 20} "[T]he moving party bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). "[I]f the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Id.* at 293.

{¶ 21} Here, American Express established through Rebhan's affidavit, the Cardmember Agreement, and the account statements that Scales had a credit card with American Express, that she used the credit card to make purchases or other transactions totaling approximately $18,000, that she stopped making payments on the credit card, and that she owed a final balance of $16,271.28. Scales has not set forth any evidence demonstrating a genuine issue regarding those material facts.

7.

{¶ 22} Accordingly, the trial court did not err when it granted summary judgment in favor of American Express. Scales's first assignment of error is not well-taken.

{¶ 23} In her second assignment of error, she asserts that the trial court violated her due process rights by failing to provide adequate reasons for its rulings. Notably, she does not specify the judgments of which she is complaining, but because she only appealed the trial court's February 19, 2025 award of summary judgment, this court will limit the analysis to that judgment.

{¶ 24} Civ.R. 52 states,

> When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the findings of fact found separately from the conclusions of law.

It continues, however, providing that "[f]indings of fact and conclusions of law required by this rule and by Civ.R. 41(B)(2) and Civ.R. 23(G)(3) are unnecessary upon all other motions including those pursuant to Civ.R. 12, Civ.R. 55 and *Civ.R. 56*. (Emphasis added.) Civ.R. 52. Thus, "[w]hile delineating which facts the court finds undisputed may be helpful, nothing in Civ.R.56 requires that such 'findings' be included in the judgment entry." *Szigeti v. Loss Realty Group*, 2004-Ohio-1339, ¶ 12 (6th Dist.).

{¶ 25} Accordingly, the trial court did not err when it awarded summary judgment without delineating findings of fact and conclusions of law. Scales's second assignment of error is not well-taken.

8.

{¶ 26} In her third assignment of error, Scales argues that the trial court erred when it denied her motion to dismiss for failure to prosecute based on American Express filing its motion for summary judgment three months after the trial court's initial deadline. At the outset, this court is unable to identify any such motion. Although Scales filed numerous motions to dismiss, this court did not locate any that were premised on the timeliness of American Express's motion for summary judgment.

{¶ 27} Nonetheless, American Express's motion for summary judgment was not untimely because the trial court extended the deadline. Civ.R. 56(A) provides that a summary judgment motion may be filed "with leave of court." Furthermore, even if it were untimely, "[t]he granting of leave to file an untimely motion for summary judgment is discretionary with the trial court." *Brinkman v. Toledo*, 81 Ohio App.3d 429, 432 (6th Dist. 1992). A trial court abuses its discretion "when its decision is 'unreasonable, arbitrary, or unconscionable.'" *Cullen v. State Farm Mut. Auto. Ins. Co.*, 2013-Ohio-4733, ¶ 19, quoting *Wilson v. Brush Wellman, Inc.*, 2004-Ohio-5847, ¶ 30. The trial court did not abuse its discretion in this case because the matter had not yet been set for trial and the timing of the motion did not prejudice Scales. *See Brinkman* at 432.

{¶ 28} Accordingly, Scales's third assignment of error is not well-taken.

{¶ 29} In her fourth assignment of error, Scales argues the trial court erred when it ignored her "Abatement Request" and failed to schedule a hearing on that motion. Scales's October 16, 2024 "Notice of Abatement of Action for Lack of Jurisdiction and Impairment of Constitutional Rights" sought relief based on the purported distinction

9.

between the legal entity "BOBBIE JEAN SCALES" and her natural person, which is akin to a sovereign citizen argument.

{¶ 30} "Sovereign citizen and other adjacent arguments, as the one in the case at bar, have been repeatedly dismissed as 'frivolous' and undeserving of significant discussion by numerous Ohio and federal courts." *SoFi Lending Corp. v. Williams*, 2024-Ohio-1166, ¶ 21 (8th Dist.). "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *Id.* at ¶ 22, quoting *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011).

{¶ 31} Accordingly, Scales's fourth assignment of error is not well-taken.

{¶ 32} Finally, in her fifth assignment of error, Scales argues that the trial court judge was biased against her, warranting his removal from all current and future cases in which she is a party. This court, however, "does not have jurisdiction to vacate a trial court's judgment based on a claim of judicial bias." *In re Estate of Fields*, 2016-Ohio-5358, ¶ 15 (6th Dist.), citing *Beer v. Griffith*, 54 Ohio St.2d 440, 441-42 (1978). "In *Beer*, 'the Ohio Supreme Court explicitly and unequivocally stated that, since only the Chief Justice or [her] designee may hear disqualification matters, the Court of Appeals is without authority to pass upon disqualification or to void the judgment of the trial court on the basis of judicial bias.'" *Id.*, quoting *Holloway v. Holloway Sportswear, Inc.*, 2001 WL 633792, *4 (3d Dist. June 7, 2001).

{¶ 33} Accordingly, Scales's fifth assignment of error is not well-taken.

10.

## IV. Conclusion

**{¶ 34}** For the foregoing reasons, the judgment of the Erie County Court of Common Pleas is affirmed.  Scales is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmuda, J.

_____
JUDGE

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.