[Cite as *Cleveland v. Long*, 2021-Ohio-941.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,                          :

    Plaintiff-Appellee,              :

                                              No. 109568

v.                                                   :

JAMES LONG, JR.,                            :

    Defendant-Appellant.          :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 25, 2021

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 19-TRD-35687

---

### *Appearances:*

Barbara A. Langhenry, Cleveland Director of Law, and
Aqueelah A. Jordan, Chief Prosecuting Attorney, and J.
Bascone, Assistant Prosecuting Attorney, *for appellee.*

James Long, Jr., *pro se.*

MARY EILEEN KILBANE, J.:

{¶ 1} Pro se defendant-appellant James Long, Jr. ("Long") appeals his conviction for various municipal traffic violations. For the reasons that follow, we affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2}  On the evening of November 26, 2019, Long was operating his vehicle near the intersection of Lorain Avenue and West 25th Street in Cleveland, Ohio, when he was stopped by Cleveland Police.  Long was cited for three violations of Cleveland Codified Ordinances: C.C.O. 431.14, signals before changing course; turning or stopping; C.C.O. 437.02, time for lighted lights on motor vehicles; and C.C.O. 435.06, display of license.  Cleveland Police Officer Rose, #1246, personally served Long with the citation at the location of the traffic stop around 7:50 p.m., and Long refused to sign the citation.

{¶ 3}  On December 13, 2019, Long was arraigned and pleaded not guilty to the three charges.  On January 8, 2020, Long proceeded to trial pro se in the Cleveland Municipal Court before a magistrate, who found Long guilty of all three charges.  The presiding judge approved and adopted the magistrate's decision on January 14, 2020.  Long filed a motion objecting to the court's adoption of the magistrate's decision.  On February 12, 2020, the court denied Long's motion.

{¶ 4}  This appeal follows.  Long asserts the following assignment of error:

I.   The Municipal Court operates as a corporate business when the prosecutors do not produce a [p]laintiff or an injured party and barred the [a]ppellant from asking questions that involved Constitutional violations.

## II.  LAW AND ANALYSIS

{¶ 5}   Long's assignment of error fails to clearly state the error he is appealing from nor does it present any cogent legal argument.  Throughout his brief, Long discusses a variety of legal concepts such as, driving is a liberty not a

privilege, that a city is a corporation that cannot enter into a contract or be a plaintiff, and that the U.S. Constitution is the only binding law. These arguments, while unrelated to his findings of guilt, are several of many claims made in "sovereign citizen" arguments, which numerous courts, including this one, have consistently rejected as meritless. *See Shaker Hts. v. El-Bey*, 2017-Ohio-929, 86 N.E.3d 865, ¶ 6 (8th Dist.).

{¶ 6} In *El-Bey*, the appellant made similar arguments as Long in an attempt to overturn his convictions, claiming that the city did not have jurisdiction over El-Bey because he did not have a contract with it and that he had a fundamental right to travel with his car. *Id.* at ¶ 11-13. As stated in *El-Bey*, numerous other courts have found these arguments to be meritless:

> Numerous courts have rejected similar challenges to convictions based on "sovereign citizen" or "sovereign nation" arguments. *See, e.g., State v. Wyley*, 8th Dist. Cuyahoga No. 102889, 2016-Ohio-1118, ¶ 6-7, 11-12; *Garfield Hts. v. Foster,* 8th Dist. Cuyahoga No. 102965, 2016-Ohio-2834, ¶ 9 (noting that "[t]his court and other courts have repeatedly rejected the 'sovereign citizen' argument or defense when challenging jurisdiction and have actually characterized such arguments as frivolous"); *State v. Few*, 2d Dist. Montgomery No. 25969, 2015-Ohio-2292, ¶ 6 (sovereign citizen theories "'are meritless and worthy of little discussion'"), quoting *Dubose v. Kasich*, S.D.Ohio No. 2:11-CV-00071, 2013 U.S. Dist. LEXIS 6086, 3 (Jan. 15, 2013); *State v. Blacker*, 12th Dist. Warren No. CA2008-07-094, 2009-Ohio-5519, ¶ 7-10 (rejecting defendant's claim that the trial court lacked jurisdiction to try and convict him of criminal defenses because he is a "sovereign man," a "non-resident alien to the Federal United States, the State of Ohio, and Warren County," and holding that "Ohio's Revised Code and any applicable criminal statutes apply to all individuals, regardless of citizenship or nonresident alien status"); *see also St. Paris v. Galluzzo*, 2d Dist. Champaign No. 2014-CA-29, 2015-Ohio-3385, ¶ 46 ("'Regardless of an individual's claimed status of descent, be it as a "sovereign citizen," a "secured-party

creditor," or a "flesh-and-blood human being," that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.'"), quoting *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir.2011); *State v. Matthews*, 2d Dist. Greene No. 2015-CA-73, 2016-Ohio-5055, ¶ 3-6 (rejecting defendant's arguments that municipal court lacked subject matter jurisdiction and personal jurisdiction because "municipal court could not obtain jurisdiction over him without his consent" and that "there could be no consent without a 'contract' with the municipal corporation"); *Friend v. Schatzman*, M.D.N.C. No. 1:15CV231, 2015 U.S. Dist. LEXIS 36332, 3-5 (Mar. 24, 2015) (defendant's claim that he was a member of the "United Washitaw de Dugdahmoundyah Mu'ur Nation" and not a United States citizen did not preclude his arrest, prosecution and conviction for the unlawful possession of cocaine in violation of North Carolina law).

*El-Bey* at ¶ 6. This court found El-Bey's argument that he did not have a contract with the municipality to be without merit. *Id.* at ¶ 13. Similarly, in *Matthews*, the Second District also found the appellant's arguments that he "d[id] not wish to contract with the municipal corporation" to have no legal effect and to be without merit. *Matthews*, 2d Dist. Greene No. 2015-CA-73, 2016-Ohio-5055, ¶ 6. As such, this court also finds Long's arguments to be without merit.

{¶ 7} More importantly, Long does not present any actual legal arguments or issues of fact related to the trial court's judgment adopting the magistrate's finding of guilt for the above-stated charges nor does he dispute the actual conviction. "An appellant must affirmatively demonstrate error on appeal and must provide legal arguments that substantiate the alleged error." G*omez v. Kiner*, 10th Dist. Franklin Nos. 11AP-767 and 11AP-768, 2012-Ohio-1019, ¶ 10, citing *State v. Humphries*, 5th Dist. Stark No. 06CA00156, 2008-Ohio-388, ¶ 47-48. This court cannot construct assignments of error nor create arguments on behalf

of an appellant. *Id.* Because Long, in his sole assignment of error, does not state any legal issue regarding the magistrate's finding of guilt or the trial court's subsequent adoption, nor does he factually argue any legal errors, there is nothing for this court to substantively review.

{¶ 8} For the reasons above, we affirm the trial court's conviction and overrule appellant's assignment of error.

{¶ 9} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR