[Cite as *Young v. Young*, 2023-Ohio-3918.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| TRAVIS YOUNG, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JESSICA YOUNG, | : | Case No. 2023 CA 00001 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:              Appeal from the Fairfield County
                                      Court of Common Pleas, Domestic
                                      Relations Division, Case No. 10 PA
                                      107


JUDGMENT:                             Affirmed


DATE OF JUDGMENT:                     October 27, 2023


APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

TRAVIS YOUNG, Pro Se                    JESSICA L. YOUNG, Pro Se
320 S. Columbus Street, Apt. B          Address Unknown
Lancaster, Ohio 43130

*Baldwin, J.*

{¶1}    Appellant, Travis Young, appeals the decision of the Fairfield County Court of Common Pleas, Domestic Relations Division, finding that he was voluntarily unemployed or voluntarily underemployed and imputing to him income of $48,000.00 annually for purposes of computing child support.  Appellee is Jessica Young.

## STATEMENT OF THE FACTS AND THE CASE

{¶2}    This case had its genesis in the filing of a parentage action in 2010 when Appellant sought to establish that a child of Appellee was his daughter. Appellant was found to be the father of F.Y., but no child support was ordered. (Agreed Judgment Entry and Decree of Shared Parenting, April 1, 2010). On April 19, 2010 the Fairfield County Child Support Agency (CSEA) filed a motion noting that Appellee was receiving ADCR cash assistance and MAC medical and requesting that the trial court establish child support, but the record does not reflect that this motion was addressed.  On January 31, 2011 Appellee moved for a  modification of allocation of parental rights and other relief, including a request for child support.  Appellant filed a document on February 8, 2011 showing a gross income of $3306.00 per month and several debts. (Memorandum of Plaintiff Regarding Appointment of Guardian Ad Litem, Feb. 8, 2011).

{¶3}    On April 6, 2017, Appellee moved the court for temporary order establishing child support and alleging Appellant makes $4000.00 a month from self-employment. Appellee filed a second memorandum in support of the temporary order motion on May 2, 2017, repeating the contention that Appellant received $4000.00 per month. Appellant opposed Appellee's request, but offered no information regarding his income.

{¶4}    The trial court issued an order on May 23, 2017 finding Appellant's annual income for purposes of calculating child support was $48,000.00 and, using the child support worksheet, ordered child support in the amount of $555.67 per month. Appellant's objection to the Magistrate's order was denied and he did not pursue a timely appeal.

{¶5}    On December 31, 2018, the Magistrate issued a decision after a two-day trial and among the orders within the entry is the mandate that "child support as previously ordered shall remain in full force and effect." Appellant objections to the Magistrate's decision were denied. (Judgment entry, May 28, 2019). Appellant did not file a timely appeal of this order.

{¶6}    On August 28, 2018, Appellee filed a motion to have Appellant show cause why he should not be held in contempt for failing to comply with the support order of May 23, 2017. The trial court found that Appellant failed to comply with the support order and that he was in contempt of court for that omission. The trial court imposed a sentence of thirty days in jail. (Judgment Entry, Jan. 24, 2019).

{¶7}    On September 25, 2019, Appellant filed a notice of appeal including a list of several judgments issued by the trial court beginning with a judgment described as being issued on October 5, 2018 and ending with the judgment purportedly dated August 29, 2019. Appellant's appeal was dismissed for failure to prosecute on December 17, 2019. (*Travis Young v. Jessica Young*, 5th Dist., Fairfield Case No 2019 CA 00045).

{¶8}    On March 10, 2022, the Fairfield County Child Support Enforcement Agency issued an Administrative Adjustment Recommendation regarding the support of Appellant's minor child, F.Y. The CSEA included a Child Support Computation Worksheet that reflected potential income for Appellant in the amount of $48,000.00.  The CSEA

delivered a copy of the Recommendation to Appellant and Appellee. On April 18, 2022, Appellant filed a request for a court hearing claiming that "[t]he figures used in the administration adjustment recommendations are erroneous." An Administrative Adjustment Court Hearing was scheduled for May 26, 2022 and notices were sent to the Appellant, Appellee and the CSEA.

{¶9} Appellant appeared for the administrative adjustment hearing, but claimed he was not Travis Young and that Travis Young was a fictitious entity. (Hearing Transcript, May 26, 2022, p. 4, line 4, lines 18-19). He claimed that he had a similar name and that he was the "beneficiary of this trust act" (*Id.* at p. 5, lines 1-2) and insisted that he could only participate as a "beneficiary to this trust act" as that was his "only standing here." (*Id.* at p. 6, lines 4-9). In response, the trial court noted that Appellant had the right to leave and the hearing would proceed, but Appellant decided to remain as an observer. The trial court nevertheless offered him the opportunity to present evidence and he offered his tax returns.

{¶10} Abby Begley, Case Manager for CSEA testified that she conducted the administrative review and that Appellant reported an annual income of $3000.00. She explained that CSEA could not accept an income that was less than minimum wage, so " * * * on the last guideline from the Court, Mr. Young had an income of $48,000.00, so he was imputed at $48,000.00 since he had demonstrated an ability to earn that amount of money." (Hearing Transcript, May 26, 2022, p. 27, line 23, to p. 28, line 2).

{¶11} Appellant mentioned that he had a question for Abby Begley and the court responded " * * * you may cross-examine Ms. Begley." (Hearing Transcript, May 26, 2022, p. 30, lines 14-15). In response, Appellant did not ask any questions, but began

reasserting his identity as a "beneficiary of this trust action" (*Id.* at p. 30, line 3) to which the court responded that only parties may ask questions and thereafter Appellant did not ask any further questions.

**{¶12}** Exhibits were marked and submitted including the tax returns of Travis Young which were altered by Appellant to exclude " * * * the Social Security numbers that aren't mine in an attempt to obey the law." (*Id.* at p. 33, lines 1-2).

**{¶13}** The Magistrate issued a decision and found that Appellant was obligated to pay child support in the amount of $546.71 using the income imputed to Appellant by the CSEA, $48,000.00 annually. Appellant objected to the Magistrate's decision and the trial court rejected Appellant's objections. Appellant filed a notice of appeal and has submitted six assignments of error:

**{¶14}** "I. THE FIRST ERROR, THE TRIAL COURT ERRED WHEN IT HABITUALLY CONFUSES THE PARTIES IN THE CASE. AGAINST THE SUPREMACY CLAUSE OF ARTICLE VI OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA, THE XI AMENDMENT AND UNDER FEDERAL CODE TITLE 50 SECTION 7 (C) AND (E), OHIO RCIV.P 17."

**{¶15}** "II. IN THE SECOND ASSIGNMENT OF ERROR, THE TRIAL COURT ERROR BY NOT ADDRESSING THE LIVING MAN'S AFFIRMATIVE DEFENSES FED. RCIV.P.8 AND OHIO RCIV.P. 8 (C)."

**{¶16}** "III. IN THE THIRD ASSIGNMENT OF ERROR, AN ALTERATION OF THE RECORD TOOK PLACE AFTER THE HEARING ON MAY 22, 2023 AGAINST 18 U.S. CODE§ 1028 (A),(4) (5), FRE 611(B) AND THE RECORD OF THE HEARING."

**{¶17}** "IV. IN THE FOURTH ASSIGNMENT OF ERROR, THE TRIAL COURT MADE A CLEARLY ERRONEOUS FINDING THE DEFENDANT/APPELEE HAD A RIGHT TO RECEIVE SUPPORT OBLIGATION PAYMENT FROM APPELLANT. AGAINST SECTION 8 OF THE CHILD SUPPORT ENFORCEMENT MANUAL AND 42 U.S.C. 656 (A)(L ), CFR 433.146, ORC 3125.36."

**{¶18}** "V. IN THE FIFTH ASSIGNMENT OF ERROR, THE TRIAL COURT MADE A CLEARLY ERRONEOUS FINDING THE SUPPORT OBLIGATION PAYMENTS SHOULD BE FROM THE APPELLANT/ACCOUNT# XXX-XX-XXXX PAID TO CSEA. AGAINST 45 CFR § 302.12, FED. FED.RCIV.P.19, OHIO RCIV.P. 17(A), OHIO R.CIV.P. 19(C)."

**{¶19}** "VI. IN THE SIXTH ASSIGNMENT OF ERROR, THE TRIAL COURT MADE A CLEARLY ERRONEOUS FINDING THE APPELLANT HAS AN INCOME OF 48000 CONTRADICTING THE ADMITTED EVIDENCE IN THE CASE. FED. R CIV. P. 52(A)(5), FRE 61L(B), FRE701."

## PRELIMINARY MATTER

**{¶20}** Appellant's filing in this matter and other filings in the record reveal that Appellant is an adherent to theories of individual sovereignty that we find "should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) as quoted in *Best v. Lake Cnty. Courts*, 2021 WL 5407402, *1. "United States Federal courts and courts of Ohio have rejected jurisdictional challenges of those claiming personal sovereignty. See *Speed v. Mehan*, E.D. Mo. No. 4:13CV1841, 2013 WL 5776301, *2 (Oct. 25, 2013) (Status as a Moorish-American citizen does not enable a party to violate state and federal laws without consequence.); *United States v.*

*Lumumba*, 741 F.2d 12, 14-15 (2d Cir. 1984) (defendant's alleged status as "Vice President and Minister of Justice of the Provisional Government of the Republic of New Afrika" did not entitle him to immunity from contempt prosecution); *State v. Wyley*, 8th Dist. Cuyahoga No. 102889, 2016-Ohio-1118, ¶ 12 (not acknowledging the Moorish nation as a sovereign state); *State v. Tucker,* 2016-Ohio-1354, 62 N.E.3d 893, ¶ 9 (9th Dist.) (observing that Moorish-American sovereign-citizen arguments have been characterized as "gibberish")." *Mentor v. Jarvis*, 11th Dist. Lake No. 2022-L-111, 2023-Ohio-1538, ¶¶ 13.

{¶21} "Adherents of the sovereign citizen's movement " 'follow their own set of laws' and, accordingly, 'do not recognize federal, state, or local laws, policies, or regulations' as legitimate" (*United States v. McLaughlin*, 949 F.3d 780, 781 n 1 [2d Cir.2019], quoting *Sovereign Citizens: A Growing Domestic Threat to Law Enforcement, FBI Law Enforcement Bulletin* [2011] ). Throughout the proceedings, defendant referenced the Uniform Commercial Code, maintained that Supreme Court did not have jurisdiction over him and asserted that he was not "the defendant," but rather was a secured party creditor and a trustee of the defendant." *People v. Williams,* 189 A.D.3d 1978, 1981, 138 N.Y.S.3d 690, 693.

{¶22} We reject Appellant's "sovereign citizen" arguments including all references to the Code of Federal Regulations and the Uniform Commercial Code as clearly inapplicable in this matter, a domestic relations case. *State v. Collins,* 10th Dist. Franklin No. 17AP-703, 2018-Ohio-2606, ¶ 11. Appellant's addition of the words such as "under duress" or reference to U.C.C. 1-308 to his signature has no affect in the context of this case.

{¶23} During the May 2022 hearing before the trial court Mr. Young insisted that he was not Travis Young, but a beneficiary of an unidentified trust managed by an unidentified trustee. He offered no evidence that he was not the Travis Young that was the father of the minor child whose support was the subject of this action, nor did he claim to not be the Travis Young who filed the request for this hearing. We reject Mr. Young's attempt to shield himself from liability by assuming a new identity, as a different identity would not affect his obligation to support his minor child. Further, Mr. Young undermined his charade when he offered Travis Young's tax returns as exhibits and described the social security numbers therein as "mine" further supporting the conclusion that the reference to a trust, trustee and beneficiary is a fiction concocted by Mr. Young in an attempt to avoid his legal obligations.

{¶24} We also must disregard his citation to the Federal Rules of Evidence and the Federal Civil Rules of Procedure as inapplicable in a domestic relations matter proceeding in the Fairfield County Court of Common Pleas.

{¶25} We likewise reject Appellant's argument that the trial court lacked personal jurisdiction over him in this matter. Appellant invoked the jurisdiction of the court by requesting a hearing and cannot not now contend that the trial court lacked personal jurisdiction. *Moore v. Mt. Carmel Health Sys.,* 162 Ohio St.3d 106, 2020-Ohio-4113, 164 N.E.3d 376 ⁋ 34.

### STANDARD OF REVIEW

{¶26} The abuse-of-discretion standard is the appropriate standard of review in matters concerning child support. *Kiehborth v. Kiehborth*, 169 Ohio App.3d 308, 2006-Ohio-5529, 862 N.E.2d 863, ¶ 21 (5th Dist.), quoting *Booth v. Booth,* 44 Ohio St.3d 142,

541 N.E.2d 1028 (1989). In order to find an abuse of discretion, we  must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Id.,* citing *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

## ANALYSIS

## I.

{¶27}  In his First Assignment of Error, Appellant contends that the trial court erred when it habitually confuses the parties in the case. Appellant's argument is based upon his conclusion that he was not Travis Young, but a beneficiary of some unidentified trust, suggesting that the trial court or some other party was the trustee, that the trust held sufficient funds to pay the debt and he was concerned that the trust had been mishandled. This assignment and the argument are the product of the sovereign-citizen theories we have rejected above and we conclude they are frivolous and need not be considered. Further, as noted above, Appellant conceded that the tax returns of Travis Young, offered by him as exhibits, contained his social security number, thus undermining Appellant's attempt to assume a new identity and escape his obligation to support his child.

{¶28}  The First Assignment of Error is denied.

## II.

{¶29}  In his Second Assignment of Error, Appellant claims the trial court erred by not considering his affirmative defenses.  Appellant filed a request for court hearing on April 18, 2022 asserting that "[t]he figures used in the administration adjustment

recommendations are erroneous" and the matter was heard by the Magistrate on May 26, 2022.

**{¶30}** Civil Rule 8(C) requires that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively * * * [any] affirmative defense." In the context of this matter, we are not persuaded that this Rule is applicable, but assuming, arguendo, that affirmative defenses may be argued, Appellant did not assert any affirmative defenses in his filing, nor did he present any such defenses at the trial of the matter. Appellant's attempts to create an issue regarding affirmative defenses after the hearing through supplemental pleadings was properly rejected by the trial court.

**{¶31}** The Second Assignment of Error is denied.

### III.

**{¶32}** In his Third Assignment of Error, Appellant contends an Alteration of the Record took place after the hearing on May 22, 2023.

**{¶33}** First, we note that the record contains no transcript for a hearing that occurred on May 22, 2023. We will assume that Appellant is referring to the hearing that occurred on May 26, 2022, but the error in the date is inconsequential as we find the argument a frivolous recasting of the First Assignment of Error in which Appellant contends that he does not identify as Travis Young, but as the "Living Man."

**{¶34}** The Third Assignment of Error is denied.

**IV.**

{¶35} In the Fourth Assignment of Error, Appellant contends that the trial court erred when it found "Defendant/Appelee Had a right to receive Support Obligation payment from Appellant."

{¶36} The matter before the trial court and the subject of this appeal is the hearing conducted on May 26, 2022 at the request of Appellant. Appellant's request alleged that ""[t]he figures used in the administration adjustment recommendations are erroneous" and nothing more. He did not contend that the Appellee was not entitled to support and that matter was not argued before the Magistrate at the hearing, so it cannot be considered by this Court on appeal. *R.A.R. v. C.E.R.,* 5th Dist. No. 2022 CA 00011, 2023-Ohio-232, 206 N.E.3d 822, ¶ 98.

{¶37} Not only were the issues of Appellant's obligation to pay and Appellee's entitlement to receive support payments not presented at this hearing, they were decided and confirmed by past judgments that have not been successfully appealed. Appellant's obligation to pay child support to Appellee was decided by the trial court in an order filed May 23, 2017 and was subsequently confirmed in an order filed January 24, 2019 when the Appellant was held in contempt for failure to pay the support. We find that the issue of Appellant's obligation to pay child support as well as Appellee's right to receive it has been decided and confirmed and that any argument to the contrary is now barred by the doctrine of res judicata.

{¶38} The Fourth Assignment of Error is denied.

**V.**

{¶39} In his Fifth Assignment of Error, Appellant contends "the trial court made a clearly erroneous finding the Support Obligation payments should be from the Appellant/account# xxx-xx-xxxx paid to CSEA.

{¶40} This assignment of error fails on three grounds. First, the foundation of the argument mirrors the argument in the First Assignment of Error, in which Appellant contends that he identifies as an entity other than Travis Young, an argument that we again reject as frivolous. We also reject this assignment of error because Appellant did not list this alleged error in his request for hearing and did not present argument at the hearing in support of this contention.

{¶41} Finally, as noted in our discussion with regard to the Fourth Assignment of Error, Appellant was ordered to make these payments in 2017 and was found in contempt for failure to pay in 2019. The matter has been decided and any argument to contradict the orders compelling Appellant to pay child support are barred by res judicata.

{¶42} The Fifth Assignment of Error is denied.

**VI.**

{¶43} In his Sixth Assignment of Error, Appellant contends that "Trial Court made a clearly erroneous finding the Appellant has an income of 48000 contradicting the admitted evidence in the case." Appellant contends that the record contains no evidence to establish an income of $48,000.00 annually and that the witness, Abby Begley was not a qualified witness.

**{¶44}** Appellant did not object to the qualifications or testimony of Abby Begley, so we find that he waived any objection to those issues and cannot present them to this court on appeal. Further, Appellant chose to identify himself as a non-party entity who was not representing the Appellant during the hearing and voluntarily waived his right to cross-examine any witness.

**{¶45}** While Appellant did refer to Travis Young, the name that he used to open this case in 2010, as a fictional entity, he has never claimed or presented evidence to dispute that he is the biological father of F.Y., his minor child and the subject of the support order. As the biological parent of a minor child, Appellant is obligated to support his minor child out of his property or labor. (R.C. 3103.03(A)). The trial court has authority to order that a parent support their child in a child support proceeding and the trial court issued such an order in 2017 after finding that his annual income was $48,000.00. (R.C. 3109.05(A)(1)). The support order was confirmed in 2018 and the trial court held Appellant in contempt for failing to make payments toward that order in 2019.

**{¶46}** We review the trial court's decision in matters regarding child support for an abuse of discretion. *Kiehborth v. Kiehborth*, 169 Ohio App.3d 308, 2006-Ohio-5529, 862 N.E.2d 863, ¶ 21 (5th Dist.), quoting *Booth v. Booth*, 44 Ohio St.3d 142, 541 N.E.2d 1028 (1989). In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Id.*, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Furthermore, as an appellate court, we are not the trier of facts. Our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA–5758, 1982 WL 2911.

Accordingly, a judgment supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

{¶47}  In *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 616 N.E.2d 218, syllabus, the Supreme Court of Ohio held that "[w]hether a parent is 'voluntarily underemployed' and the amount of 'potential income' to be imputed to a child support obligor, are matters to be determined by the trial court based upon the facts and circumstances of each case." Similarly, what evidence a trial court considers in determining potential income is within its discretion. *Long v. Long,* 162 Ohio App.3d 422, 428, 2005-Ohio-4052, 833 N.E.2d 809. *Kiehborth v. Kiehborth*, 5th Dist. No. 05 CAF 08 0055, 169 Ohio App.3d 308, 2006-Ohio-5529, 862 N.E.2d 863, ¶ 36.

{¶48} The trial court found Appellant voluntarily unemployed or voluntarily underemployed so his income includes his gross income and any potential income. (R.C. 3119.01(9)).  Potential income includes imputed income that the court determines Appellant could have earned as determined from the criteria listed in R.C. 3119.01(17). The record shows that the trial court concluded that Appellant's income was $48,000.00 annually in orders issued in 2017, 2018 and, finally, in 2019 when he was held in contempt for failure to pay support.  Appellant did not successfully appeal those decisions and made no effort to have the judgment regarding his income corrected.

{¶49}  The trial court completed an analysis of Appellant's income and obligations and Appellant has not provided any evidence, despite his multiple filings, that would demonstrate that the trial court's decision was an abuse of discretion in 2017 or in 2022 or that his ability to earn an income has changed since 2017.  Appellant suggests the trial

court should restrict its analysis to his federal tax returns, but the trial court is not so constrained once it concludes that the Appellant is voluntarily underemployed or unemployed. Revised Code 3119.01 authorized the trial court to impute potential income to Appellant and to rely on a number of factors which we find would include the prior finding that Appellant was capable of earning $48,000.00 in the absence of any evidence to establish an inability to work.

{¶50} We find that the record contains relevant, competent, credible evidence in support of the trial court's decision and that it did not abuse its discretion.

{¶51} The Sixth Assignment of Error is denied

{¶52} The decision of the Fairfield County Court of Common Pleas, Domestic Relations Division is affirmed.

By: Baldwin, J

Hoffman, P.J. and

Wise, John, J. concur.