[Cite as *Sec. Credit Servs., L.L.C. v. Miller*, 2024-Ohio-3371.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| SECURITY CREDIT SERVICES, LLC, | CASE NO. 2024-T-0031 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the<br>Court of Common Pleas |
| MARTIN A. MILLER, | |
| Defendant-Appellant. | Trial Court No. 2023 CV 00190 |

**O P I N I O N**

Decided: September 3, 2024
Judgment: Affirmed

*Randy T. Slovin* and *Brad A. Council*, Slovin & Associates Co., LPA, 2060 Reading Road, Suite 420, Cincinnati, OH 45202 (For Plaintiff-Appellee).

*Martin A. Miller*, pro se, 6242 State Route 534, West Farmington, OH 44491 (Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Martin A. Miller ("Mr. Miller"), appeals the judgment of the Trumbull County Court of Common Pleas that awarded summary judgment in favor of appellee, Security Credit Services, LLC ("Security Credit").

{¶2} Mr. Miller raises one assignment of error, contending the trial court erred by ignoring the evidence he submitted, which demonstrated that "Martin-Albert is the Agent for MARTIN A. MILLER and is therefore not the liable party."

{¶3} After a careful review of the record and pertinent law, we find Mr. Miller's assignment of error to be without merit. Firstly, in accordance with numerous state and

federal precedents, including this court's, we summarily reject Mr. Miller's "sovereign citizen" arguments that he is merely "an agent of Martin A. Miller" and is not liable for his debt. Secondly, and most fundamentally, Mr. Miller failed his reciprocal burden as the nonmoving party on summary judgment to submit evidentiary quality materials demonstrating a genuine issue of material fact.

{¶4} The judgment of the Trumbull County Court of Common Pleas is affirmed.

**Substantive and Procedural History**

{¶5} In February 2023, Security Credit filed a complaint in the Trumbull County Court of Common Pleas, alleging that Mr. Miller breached his credit card contract by failing to make payments, incurring an outstanding debt of $11,564.56. Security Credit further alleged Mr. Miller entered into the agreement with the original creditor, Pentagon Federal Credit Union ("PenFed Credit Union"), which it subsequently purchased.

{¶6} Attached to the complaint were two monthly bill statements from PenFed Credit Union, an August 25, 2020 bill of sale between PenFed Credit Union selling the debt to Security Credit, and an affidavit from Security Credit's agent. The first monthly statement was from September 2022 and reflected that Mr. Miller did not make a payment the month before and that the account balance was $11,356.12 ($1,356.12 over the account limit of $10,000). The second monthly statement was from October 2022 and similarly reflected that Mr. Miller did not make a payment the month before and that the account balance was $11,536.56.

{¶7} Mr. Miller filed a "notice" to the court in the form of a letter, in which he informed the court that he was an agent "for the trust named MARTIN ALBERT MIILLER" and that the credit card account is "owned by the United States." He attached a copy of

2

a cover letter he sent to the "Secretary Department of the Treasury," Janet Yellen ("Sec. Yellen"), along with copies of Security Credit's complaint.

{¶8} Several months later, Mr. Miller filed an "objection to filing as pro se," in which he contended he was merely the agent of and not the defendant Martin A. Miller.

{¶9} Mr. Miller filed a second notice with the trial court of another letter he sent to Sec. Yellen, in which he also forwarded copies of Security Credit's interrogatories and a notice of the mediation hearing.

### Summary Judgment

{¶10} Security Credit filed a motion for summary judgment, contending there were no material facts in dispute, and it was entitled to judgment as a matter of law. As exhibits, Security Credit filed several more PenFed Credit Union monthly statements, five from 2019 and one from 2020; as well as the August 25, 2020 bill of sale and an affidavit by an agent of Security Credit.

{¶11} The monthly statements reflected that in July 2019, Mr. Miller had a balance of $9,165.83. He made payments in July ($200), August ($185), September ($200), and October ($200). He paid the remaining balance ($8,836.64) in November and December ($28.86). The last monthly statement submitted was from December 27, 2020, reflecting he subsequently incurred a new balance of $8,272.02.

{¶12} Mr. Miller filed a memorandum in opposition, again contending he is an agent of Martin A. Miller, and he is not liable for his credit card debt. Further, Security Credit "failed to negate" his claims that Sec. Yellen is the responsible party for the alleged debt.

3

{¶13} Security Credit filed a "Reply in Support" of its motion for summary judgment, arguing that Mr. Miller failed to carry his burden on summary judgment by failing to submit any evidentiary quality materials.

{¶14} Mr. Miller also filed a "Reply in Support" of his memorandum in opposition, reiterating his "sovereign citizen" arguments. Attached to his reply was his affidavit, attesting that he is merely an agent and that he forwarded court filings and discovery requests to Sec. Yellen, who is liable for his credit card debt. He attached copies of his previous notices to the court, and the letters and court filings he sent to Sec. Yellen; and two excerpts from a legal encyclopedia, Corpus Juris Secundum, on agency law, "acquiescence or silence as ratification of agent's acts," and "acquiescence as creating implied agency."

{¶15} The trial court granted Security Credit summary judgment on its claim, and ordered Mr. Miller to pay $11,564.56, plus interest from the date of judgment at the rate of 3% per annum until paid.

{¶16} Mr. Miller raises one assignment of error on appeal:

{¶17} "Was it error for the Court of Common Pleas to ignore all evidence provided that shows that Martin-Albert is the Agent for MARTIN A. MILLER and is therefore not the liable party[.]"

### Summary Judgment

{¶18} In his sole assignment of error, Mr. Miller contends the trial court did not consider the evidence he submitted that shows he is an agent for Martin A. Miller, and therefore, not the liable party.

4

{¶19} We review de novo a trial court's order granting summary judgment. *Sabo v. Zimmerman*, 2012-Ohio-4763, ¶ 9 (11th Dist.). A reviewing court will apply the same standard a trial court is required to apply, which is to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law. *Id.*

{¶20} "Since summary judgment denies the party his or her 'day in court' it is not to be viewed lightly as docket control or as a 'little trial.' The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In *Dresher v. Burt*[, 75 Ohio St.3d 280 (1996)], the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record, or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." *Welch v. Ziccarelli*, 2007-Ohio-4374, ¶ 40 (11th Dist.).

{¶21} "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party

Case No. 2024-T-0031

fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112." *Ziccarelli* at ¶ 40.

{¶22} Mr. Miller essentially makes a "sovereign citizen" argument, i.e., his birth certificate is owned by the Ohio Department of Vital Statistics, and his social security is owned by the Social Security Administration, both of which he holds in trust. Thus, the "government" is the holder of his debt.

{¶23} "Sovereign citizens (or 'sovereigns') are a 'loosely knit network' of individuals who express—and act on—a shared anti-government sentiment." *United States v. Cook*, 2019 WL 2721305, *1 (E.D.Tenn. June 28, 2019). "Members of the contemporary movement believe that with the passage of the Fourteenth Amendment, along with various developments in commercial law (including the adoption of the Uniform Commercial Code ('UCC'), abandonment of the gold standard, and creation of the Federal Reserve Bank), the modern-day legal system has tricked people into giving up their 'sovereign' citizenship in order to receive government benefits." *Id.*

{¶24} "Sovereigns believe there are two forms of citizenship—inferior federal (or Fourteenth Amendment) citizenship, and superior state (also known as sovereign, or 'de jure') citizenship. They further believe the original Constitution recognized three types of jurisdiction—common law (which requires an injury to person or property), equity (which requires a contract), and admiralty (originally limited to the high seas). Sovereigns argue that federal district courts are admiralty courts, and through the UCC, federal courts have superseded common law by enforcing federal government contracts that bind people into federal citizenship. . . . By filing abstruse legal documents to free themselves from the

6

yoke of federal citizenship, sovereigns argue they are exempt from the jurisdiction of any legitimate court, state or federal." (Footnote omitted.) *Id.  See also Young v. Young*, 2023-Ohio-3918, ¶ 21 (5th Dist.) (adherents of the sovereign citizen's movement follow their own set of laws and do not recognize federal, state, or local laws, policies, or regulations as legitimate.)

{¶25} Mr. Miller appears to subscribe to the "specious 'redemptionist' theory, common among individuals in the sovereign citizen, militia, and tax protestor movements. Adherents to this 'redemptionist' theory believe 'that a person has a split personality:  a real person and a fictional person called the "strawman."  The "strawman" purportedly came into being when the United States went off the gold standard in [1933], and, instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free.'"  *McManus v. Kameen*, 2014 WL 1745884, fn 1. (M.D.Pa. Apr. 30, 2014), quoting *Monroe v. Beard*, 536 F.3d 198, 203, fn. 2 (3d Cir. 2008) (also noting the style or capitalization of the appellant's name had no legal significance and that his name was his real *and* legal name).

{¶26} The Eighth District has noted that "[s]overeign citizen and other adjacent arguments, as the one in the case at bar, have been repeatedly dismissed as 'frivolous' and undeserving of significant discussion by numerous Ohio and federal courts.  *SoFi Lending Corp. v. Williams*, 2024-Ohio-1166, ¶ 21 (8th Dist.) (citing a collection of cases). Our court and other sister districts have also made these observations.  *See, e.g., State v. Graham*, 2023-Ohio-2728, ¶ 64 (11th Dist.) (courts have consistently rejected these assertions and deemed them baseless or frivolous); *State v. Thigpen*, 2014-Ohio-207, ¶

7

39 (8th Dist.) (appellant's arguments are "frivolous and have been held to be delay tactics"); *State v. Few*, 2015-Ohio-2292, ¶ 6 (2d Dist.) (finding a "sovereign citizen" argument "wholly frivolous"); *United States ex rel. Goldsmith v. Schreier*, 2012 WL 4088858, *4 (D.S.D. Sept. 17, 2012) (the sovereign citizen theory has been consistently rejected, and found meritless and patently frivolous; it has also been referred to as nonsensical, gibberish, and having no conceivable validity in American law); *Cook*, 2019 WL 2721305, at *2 (E.D.Tenn. June 28, 2019) (sovereign citizen pleadings are dense, complex, and virtually unreadable); *Cleveland v. Long*, 2021-Ohio-941, ¶ 6 (8th Dist.) (collection of cases);

**{¶27}** As the Seventh Circuit Court of Appeals succinctly stated:

**{¶28}** "Our intention is not to quash the presentation of creative legal arguments or novel legal theories asserted in good faith. But the arguments raised by these defendants were not in good faith. We have repeatedly rejected their theories of individual sovereignty, immunity from prosecution, and their ilk. . . . Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011).

**{¶29}** Thus, in accordance with numerous state and federal precedents, including this court's, we summarily reject Mr. Miller's arguments that he is merely an agent for Martin A. Miller.

**{¶30}** Most fundamentally, Mr. Miller failed to carry his reciprocal burden on summary judgment to provide evidentiary quality material demonstrating a genuine issue

8

of material fact. *Dresher,* 75 Ohio St.3d at 293. Thus, pursuant to Civ.R. 56(E), "[w]hen a motion for summary judgment is made *and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings,* but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." (Emphasis added.)

{¶31} In other words, "[o]nce the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to 'simply show that there is some metaphysical doubt as to the material facts.'" *Slyman v. Piqua*, 494 F.Supp.2d 732, 734 (S.D. Ohio 2007), quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). *See also Michigan Protection & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994) ("The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff").

{¶32} Mr. Miller's assignment of error is without merit.

{¶33} The judgment of the Trumbull County Court of Common Pleas is affirmed.

JOHN J. EKLUND, J.,

ROBERT J. PATTON, J.,

concur.

9

Case No. 2024-T-0031