[Cite as *Donald Sullivan, L.L.C. v. Mackey*, 2025-Ohio-1903.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| DONALD SULLIVAN, LLC, ENS LEGIS, | CASE NO. 2025-A-0007 |
| Petitioner, | Original Action for Writ of Habeas Corpus |
| - vs - | |
| MISTY MACKEY, WARDEN WAREHOUSEMAN, | |
| Respondent. | |

## PER CURIAM MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: May 27, 2025
Judgment: Petition dismissed

*Donald Sullivan*, pro se, PID# A790-378, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, OH 44030 (Petitioner).

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215; and *Katherine Mullin*, Senior Assistant Attorney General, Criminal Justice Section, 30 East Broad Street, 23rd Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1} Donald Sullivan, an inmate at the Lake Erie Correctional Institution in Conneaut, Ohio, petitions this court to issue a writ of habeas corpus directing respondent, Warden Misty Mackey, to release him from incarceration on the grounds that he is being held unlawfully. This matter is now before us on respondent's motion to dismiss/motion for summary judgment and Sullivan's reply in opposition. For the reasons that follow,

respondent's motion is granted, and Sullivan's petition for a writ of habeas corpus is dismissed.

{¶2}   In 2023, the Cuyahoga County Court of Common Pleas sentenced Sullivan to an indefinite five years to seven and one-half years term of imprisonment.   In his petition, Sullivan, who identifies himself as a "secured party," asserts sovereign-citizen arguments that he believes challenge respondent's "jurisdiction" to keep him detained. Sullivan attached copies of numerous documents to his petition in support of his arguments, including various financing statement amendments; a release of personal property from escrow form, which lists the Cuyahoga County Court of Common Pleas as a financial institution; a release of lien on real property; an IRS 56 Form, "Notice Concerning Fiduciary Relationship"; a filing with the Ohio Secretary of State; an assumed-name registration with the Minnesota Secretary of State; a certificate of assumed name/notice of transfer of reserved name; his birth certificate; the "Cestui Que Vie Act of 1666"; an affidavit acknowledgement of his birth; and an affidavit of an Aboriginal Ohioan/National Identification.

{¶3}   Respondent contends Sullivan's petition should be dismissed because it fails to meet the mandatory filing requirements of R.C. 2969.25(C).   Respondent further argues Sullivan is not entitled to immediate release from prison because his sentence has not expired, and his sovereign-citizen arguments are frivolous.

{¶4}   "To be entitled to a writ of habeas corpus, [Sullivan] must show that he is being unlawfully restrained of his liberty, R.C. 2725.01, and that he is entitled to immediate release from prison or confinement."   *State ex rel. Davis v. Turner*, 2021-Ohio-1771, ¶ 8, citing *State ex rel. Cannon v. Mohr*, 2018-Ohio-4184, ¶ 10.   "'A writ of habeas corpus is

generally "available only when the petitioner's maximum sentence has expired and he is being held unlawfully.""" *Id.*, quoting *Leyman v. Bradshaw*, 2016-Ohio-1093, ¶ 8, quoting *Heddleston v. Mack*, 84 Ohio St.3d 213, 214 (1998). "Further, habeas corpus is not available when the petitioner has an adequate remedy in the ordinary course of law, unless a trial court's judgment is void for lack of jurisdiction." *Id.*

{¶5} R.C. 2969.25 sets forth specific filing requirements for an inmate who files a civil action, including a habeas-corpus petition, against a government employee or entity. Pursuant to R.C. 2969.25(C):

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶6} "These requirements are mandatory and an inmate's failure to comply with them is a proper basis for dismissal of the action." *Robinson v. State*, 2021-Ohio-3865, ¶ 8, citing *State ex rel. Evans v. McGrath*, 2017-Ohio-8290, ¶ 5; *see also State ex rel. Roden v. Ohio Dept. of Rehab. and Corr.*, 2020-Ohio-408, at ¶ 7; *see also State ex rel. Swain v. Adult Parole Auth.*, 2017-Ohio-9175, ¶ 2 ("Noncompliance with the mandatory requirements of R.C. 2969.25 is fatal to a complaint for a writ of mandamus and warrants dismissal of the inmate's action").

Case No. 2025-A-0007

{¶7}    Sullivan submitted with his petition an "affidavit of inability to secure cost or payment/waiver of prepayment of filing fee."  Attached to Sullivan's affidavit is a cashier's statement that sets forth his monthly payroll deposits, the total amount credited to his account from all other sources, and the total amount of expenditures from his account over the preceding six months.  However, Sullivan's affidavit does not include statements setting forth the balance in his inmate account for each of the preceding six months and "all other cash and things of value" that he owned at the time he filed his petition.  Accordingly, Sullivan's petition is subject to dismissal for failure to comply with R.C. 2969.25(C)(1) and (2).  *See Robinson* at ¶ 9, 11 and *Roden* at ¶ 6, 9 (affirming dismissal by the court of appeals because petitioner's statement did not set forth the balance in his inmate account for each of the preceding six months as required by R.C. 2969.25(C)(1)); *Anderson v. Monroe County Common Pleas Court*, 2023-Ohio-1343, ¶ 14, 5 (7th Dist.) (dismissing the petition because petitioner failed to comply with R.C 2969.25(C)(1) and (2)).

{¶8}    Insofar as Sullivan makes sovereign-citizen arguments concerning respondent's "jurisdiction" over him, this court has found these types of arguments are without merit.  In *Sec. Credit Servs., LLC v. Miller*, 2024-Ohio-3371 (11th Dist.), we reviewed that

> "'[s]overeign citizen and other adjacent arguments, as the one in the case at bar, have been repeatedly dismissed as "frivolous" and undeserving of significant discussion by numerous Ohio and federal courts.'  *SoFi Lending Corp. v. Williams*, 2024-Ohio-1166, ¶ 21 (8th Dist.) (citing a collection of cases).  Our court and other sister districts have also made these observations.  *See, e.g., State v. Graham*, 2023-Ohio-2728, ¶ 64 (11th Dist.) (courts have consistently rejected these assertions and deemed them baseless or frivolous); *State v. Thigpen*, 2014-Ohio-207, ¶ 39 (8th Dist.) (appellant's arguments are "frivolous and have been held to be delay tactics"); *State v. Few*, 2015-Ohio-2292, ¶ 6 (2d Dist.) (finding a "sovereign

Case No. 2025-A-0007

citizen" argument "wholly frivolous"); *United States ex rel. Goldsmith v. Schreier*, 2012 WL 4088858, *4 (D.S.D. Sept. 17, 2012) (the sovereign citizen theory has been consistently rejected, and found meritless and patently frivolous; it has also been referred to as nonsensical, gibberish, and having no conceivable validity in American law); [*United States v.*] *Cook*, 2019 WL 2721305, at *2 (E.D. Tenn. June 28, 2019) (sovereign citizen pleadings are dense, complex, and virtually unreadable); *Cleveland v. Long*, 2021-Ohio-941, ¶ 6 (8th Dist.) (collection of cases)."

*Id.* at ¶ 26.

{¶9} Accordingly, we grant respondent's motion to dismiss and dismiss Sullivan's habeas corpus petition.

MATT LYNCH, J., JOHN J. EKLUND, J., EUGENE A. LUCCI, J., concur.

Case No. 2025-A-0007

# JUDGMENT ENTRY

For the reasons stated in the Per Curiam Memorandum Opinion of this court, respondent's motion to dismiss/motion for summary judgment is granted, and petitioner's petition for writ of habeas corpus is hereby dismissed.

Costs to be taxed against petitioner.

JUDGE MATT LYNCH,
concurs

JUDGE JOHN J. EKLUND,
concurs

JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.