[Cite as *Delisio v. Hildenbrand*, 2025-Ohio-4528.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

RONALD MICHAEL DELISIO,

Petitioner,

- vs -

SCOTT HILDENBRAND,
GEAUGA COUNTY SHERIFF,

Respondent.

CASE NO. 2025-G-0024

Original Action for Writ of Habeas Corpus

## PER CURIAM OPINION AND JUDGMENT ENTRY

Decided: September 29, 2025
Judgment: Petition dismissed

*Ronald Michael Delisio*, pro se, Geauga County Jail, 12450 Merritt Road, Chardon, OH 44024 (Petitioner).

*James R. Flaiz*, Geauga County Prosecutor, and *Susan T. Wieland,* Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Respondent).

PER CURIAM.

{¶1}    On July 8, 2025, Petitioner, Ronald Michael DeLisio, filed a Petition for Writ of Habeas Corpus seeking immediate release from his incarceration in the Geauga County Safety Center in Munson Township, Ohio.

{¶2}    Petitioner was indicted by the Geauga County Grand Jury on December 9, 2024 in Case No. 2024 C 000167 on two counts of Aggravated Robbery and one count each of Kidnapping, Aggravated Menacing, Assault, and Discharge of a Firearm On or

Near Prohibited Premises. Petitioner is currently detained in the Geauga County Safety Center.

{¶3} On July 31, 2025, Respondent, Geauga County Sheriff Scott Hildenbrand filed a Motion to Dismiss/Motion for Summary Judgment.

{¶4} On August 18, 2025, Petitioner filed a Motion for Summary Judgment and Brief in Opposition to Respondent's Motion to Dismiss/Motion for Summary Judgment.

{¶5} On August 25, 2025, Respondent filed Respondent's Reply to Petitioner's Motion for Summary Judgment. The Reply requested that the Court consider the July 31, 2025 Motion for Summary Judgment as its Reply to Petitioner's Motion for Summary Judgment.

{¶6} Habeas corpus is an extraordinary writ and is not available when the petitioner has an adequate remedy at law. *In re Coleman*, 2002-Ohio-1804, ¶ 4. A writ of habeas corpus is an extraordinary remedy that is appropriate only when the petitioner is entitled to immediate release from confinement. *State ex rel. Jackson v. McFaul*, 1995-Ohio-228, ¶ 12. In order to be entitled to a writ of habeas corpus, petitioner must show that he is being unlawfully restrained of his liberty under R.C. 2725.01 and that he is entitled to immediate release from his imprisonment. *State ex rel. Cannon v. Mohr*, 2018-Ohio-4184, ¶ 10. "Habeas corpus is generally available only when the petitioner's maximum sentence has expired and he is being held unlawfully. And in those circumstances, the writ is not available when there is an adequate remedy in the ordinary course of the law." (Citation omitted.) *Steele v. Harris*, 2020-Ohio-5480, ¶ 13.

{¶7} Respondent moves to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted.

Case No. 2025-G-0024

{¶8} Habeas corpus petitions are civil in nature and subject to dismissal pursuant to Civ.R. 12(B)(6). *Novak v. Gansheimer*, 2003-Ohio-5428, ¶ 16 (11th Dist.). "'A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus.'" *State ex rel. Nyamusevya v. Hawkins*, 2021-Ohio-1122, ¶ 10, quoting *State ex rel. Russell v. Thornton*, 2006-Ohio-5858, ¶ 9. In determining whether a petition is subject to dismissal pursuant to Civ.R. 12(B)(6), "a court can consider the basic allegations in the petition itself and any materials attached to the petition." *State ex rel. Peoples v. Warden*, 2003-Ohio-4106, ¶ 7 (11th Dist.). "Finally, pursuant to R.C. 2725.05, a court in a habeas corpus proceeding has the authority to engage in a sufficiency analysis without benefit of a motion to dismiss; i.e., a court can dismiss a habeas corpus petition sua sponte if its initial review of the petition shows beyond a reasonable doubt that a viable claim for the writ has not been stated." *Id.*

{¶9} Petitioner contends that he is being wrongfully incarcerated relying on arguments related to the sovereign citizen movement. His petition states that the indictment and arrest warrant named:

> RONALD M DELISIO D.O.B. April 29, 1982 and S.S.N. XXX-XX-1335, a Social Security Administration Insurance Account and birth certificated person by way of an estate, the RONALD MICHAEL DELISIO ESTATE . . . .

However, Petitioner alleges that his actual identity is:

> The living natural man and life source, an unincorporated person, now restrained, Petitioner, Ronald-Michael DeLisio (DeLisio, Ronald Michael) of the Ron DELISIO PRIVATE BANK E&T . . . . Petitioner, Ronald-Michael;

Case No. 2025-G-0024

DeLisio, is the only authorized and appointed Executor for the RONALD MICHAEL DELISIO ESTATE and its accounts or derivatives . . . .

He further alleges:

Petitioner, Ronald-Michael; DeLisio, living soul, Authorized Representative, Executor and Beneficiary for RONALD M DELISIO (Estate and Trust) is being confined and restrained of his liberty in an act of subrogation. Petitioner is being detained and restrained as surety in lieu of the account and/or person named on the face of the cause of detention documentation. Therefore petitioner is being denied the ability to perform and or negotiate effectively on the said charging documents, an Indictment True Bill, and is not being afforded the liberty to full fill the Fiduciary Duties to the Estate being charged as required.

{¶10} Petitioner must show that he is being unlawfully restrained of his liberty, that he has no adequate remedy in the course of law, and that he is entitled to immediate release from prison or confinement. However, on September 9, 2025, Petitioner entered a no-contest plea in Case No. 2024 C 000167, and he is being held without bond pending his sentencing hearing. Geauga County Clerk of Courts, Case Search, https://web.geaugacourts.org/eservicesCP/searchresults.page?x=Rt2Snw19skHrY24qz HhLniOqUgWDyXzQNW-s10aBS*L1GJg3TcfVlyFPRO5O-dU2Z7i0fsvYyTgFV1p6myzY7g (accessed Sept. 15, 2025).[1]

{¶11} Petitioner's argument for his release is difficult to discern. Apparently, he alleges that the indictment in Case No. 2024 C 000167 named the "RONALD MICHAEL DELISIO ESTATE," which is a "Social Security Administration Insurance Account" and not an individual. Petitioner claims that he is an "unincorporated person" that has been

---

1. A court may take judicial notice of judicial opinions and public records that are not subject to reasonable dispute without converting a Civ.R. 12(B)(6) motion into a motion for summary judgment. *See* Evid.R. 201(B); *State ex rel. Scott v. Cleveland*, 2006-Ohio-6573, ¶ 26; *State ex rel. Ohio Republican Party v. FitzGerald*, 2015-Ohio-5056, ¶ 18; *State ex rel. Everhart v. McIntosh,* 2007-Ohio-4798, ¶ 10.

Case No. 2025-G-0024

detained "as a surety in lieu of" the account named in the indictment. On this basis, he alleges that he is being wrongfully detained and entitled to immediate release.

{¶12} This line of reasoning is founded in concepts associated with the sovereign citizen movement. Petitioner's argument depends on his assertion that the indictment against him in Geauga County was directed at a legal entity, namely "RONALD M DELISIO D.O.B. April 29, 1982 and S.S.N. XXX-XX-1335," rather than Petitioner himself, "Ronald-Michael DeLisio."

{¶13} This Court has found these types of arguments are wholly without merit. In *Sec. Credit Servs., L.L.C. v. Miller*, 2024-Ohio-3371 (11th Dist.), we provided the following assessment of the merits of arguments related to the sovereign citizen movement:

> "[s]overeign citizen and other adjacent arguments, as the one in the case at bar, have been repeatedly dismissed as 'frivolous' and undeserving of significant discussion by numerous Ohio and federal courts." *SoFi Lending Corp. v. Williams*, 2024-Ohio-1166, ¶ 21 (8th Dist.) (citing a collection of cases). Our court and other sister districts have also made these observations. *See, e.g., State v. Graham*, 2023-Ohio-2728, ¶ 64 (11th Dist.) (courts have consistently rejected these assertions and deemed them baseless or frivolous); *State v. Thigpen*, 2014-Ohio-207, ¶ 39 (8th Dist.) (appellant's arguments are "frivolous and have been held to be delay tactics"); *State v. Few*, 2015-Ohio-2292, ¶ 6 (2d Dist.) (finding a "sovereign citizen" argument "wholly frivolous"); *United States ex rel. Goldsmith v. Schreier*, 2012 WL 4088858, *4 (D.S.D. Sept. 17, 2012) (the sovereign citizen theory has been consistently rejected, and found meritless and patently frivolous; it has also been referred to as nonsensical, gibberish, and having no conceivable validity in American law); [*United States v.*] *Cook*, 2019 WL 2721305, at *2 (E.D. Tenn. June 28, 2019) (sovereign citizen pleadings are dense, complex, and virtually unreadable); *Cleveland v. Long*, 2021-Ohio-941, ¶ 6 (8th Dist.) (collection of cases).

*Id.* at ¶ 26.

{¶14} "'Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. *These theories should be rejected*

Case No. 2025-G-0024

*summarily, however they are presented.*'" (Emphasis added.) *Id.* at ¶ 28, quoting *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011).

{¶15} Pursuant to the above precedent, we summarily reject Petitioner's claims and find that his Petition should be dismissed pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted.

{¶16} As an additional, independent basis for dismissal, Petitioner has failed to comply with R.C. 2969.25 in filing his petition. R.C. 2969.25 sets forth specific filing requirements for an inmate who files a civil action, including a habeas-corpus petition, against a government employee or entity. R.C. 2969.25(C) provides:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> > (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
> >
> > (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶17} "These requirements are mandatory and an inmate's failure to comply with them is a proper basis for dismissal of the action." *Robinson v. State*, 2021-Ohio-3865, ¶ 8. "Noncompliance with the mandatory requirements of R.C. 2969.25 is fatal to a complaint for a writ of mandamus and warrants dismissal of the inmate's action." *State ex rel. Swain v. Adult Parole Auth.*, 2017-Ohio-9175, ¶ 2.

{¶18} Petitioner did submit an affidavit of indigency that satisfied R.C. 2969.25(C)(2). However, he failed to comply with R.C. 2969.25(C)(1) because the

Case No. 2025-G-0024

resident transaction details printout that he attached to his Petition was not certified by the institutional cashier. Therefore, the Petition is subject to dismissal for failure to comply with R.C. 2969.25(C).

{¶19} Accordingly, pursuant to Civ.R. 12(B)(6), we grant Respondent's Motion to Dismiss/Motion for Summary Judgment, overrule Petitioner's Motion for Summary Judgment, and dismiss Petitioner's Petition for Writ of Habeas Corpus.

MATT LYNCH, J., JOHN J. EKLUND, J., SCOTT LYNCH, J., concur.

Case No. 2025-G-0024

# JUDGMENT ENTRY

For the reasons stated in the per curiam opinion of this Court, Respondent's Motion to Dismiss/Motion for Summary Judgment is granted, Petitioner's Motion for Summary Judgment is overruled, and Petitioner's Petition for Writ of Habeas Corpus is dismissed.

Costs to be taxed against Petitioner.

JUDGE MATT LYNCH,
concurs

JUDGE JOHN J. EKLUND,
concurs

JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-G-0024